IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
ANDRE GALLEGOS, and KOLBY L. PETTINE LONDONO,
a minor child,

        Plaintiffs,

vs.                                                                                                   JURY DEMAND

CITY OF ESPAÑOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS JOHN DOES 1 through 10,
individually and in their official capacities,
CAMILLE SCARCELLA, in her individually capacity; and
STATE OF NEW MEXICO, CYFD, EMPLOYEES and SUPERVISORS JOHN DOES 1
through 10, individually.

        Defendants.

## COMPLAINT

### Introduction

    1.    This action is brought for damages and other appropriate relief under 42 U.S.C.A. § 1983 for violation of the Plaintiffs' federal civil rights by the Defendants, whose actions were taken under color of state law.

    2.    This case arises out of the unlawful seizure and subsequent unlawful arrest and false arrest of Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE, ANDRE GALLEGOS and KOLBY L. PETTINE LONDONO by Defendants, JEREMY APODACA and Defendant, ROBERT VIGIL, on July 31, 2010.

    3.    Plaintiff, ANTONIO GALLEGOS, committed no crime, was beaten, shot with a Taser several times, handcuffed and arrested without probable cause by both of the Defendant

officers (JEREMY APODACA and ROBERT VIGIL) who are employed by the City of Espanola.

4. Plaintiff, KRISTIAN PETTINE, committed no crime, was handcuffed and arrested without probable cause by the Defendant JEREMY APODACA.

5. Plaintiff, ANDRE GALLEGOS, a minor, committed no crime, was handcuffed and arrested, without probable cause, by the Defendant, JEREMY APODACA, and taken to the Espanola Detention Center.

6. Plaintiff, KOLBY L. PETTINE LONDONO, a minor child approximately two (2) years of age, committed no crime, was arrested without probable cause by the Defendant, JEREMY APODACA, and taken to the Espanola Detention Center and then turned over to Children Youth and Families Division ("CYFD").

7. State of New Mexico, Children Youth and Families Department, through the Defendant, CAMILLE SCARCELLA, did authorize the taking of physical custody of the minor child, KOLBY L. PETTINE LONDONO, contrary to the State's policies and procedures and in violation of the rights of both KRISTINE PETTINE and KOLBY L. PETTINE LONDONO.

8. Plaintiff further alleges that the individual officers' defendants made an unreasonable seizure and arrest of the Plaintiffs, violating their federal constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and assaulted and battered the Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE and ANDRE GALLEGOS.

9. These alleged violations and torts were committed by the Defendants, JEREMY APODACA, ROBERT VIGIL and JOE MARTINEZ, as a result of the negligent hiring, training,

supervision and retention by the Defendant, CITY OF ESPANOLA, which was deliberately indifferent to the rights of citizens of the State of New Mexico and the City of Espanola.

## Jurisdiction and Parties

10. Jurisdiction is present over this claim brought pursuant to 42 U.S.C. §1983, pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction over the pendent state law claims is proper pursuant to the New Mexico Tort Claims Act, NMSA 1978, §41-4-1 *et seq.* (1998) and supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a). The notice requirements of the statutes have been complied with.

11. At all times material hereto, Plaintiff, ANTONIO GALLEGOS, was a resident of the City of Espanola, located in Rio Arriba County. At the time of the incident at issue herein, Plaintiff suffered injuries as a result of the officers' unwarranted use of force and Taser application.

12. At all times material hereto, Plaintiff, KRISTIAN PETTINE, was a resident of the City of Albuquerque, located in Bernalillo County. At the time of the incident at issue herein, Plaintiff suffered injuries as a result of the officers' unwarranted arrest and use of force. As of the date of the incident complained of herein, Plaintiff, KRISTIAN PETTINE, had never been convicted of a crime.

13. At all times material hereto, Plaintiff, ANDRE GALLEGOS, was a resident of the City of Las Trampas, located in Taos County. At the time of the incident at issue herein, Plaintiff suffered damages as a result of the officers' unwarranted arrest and use of force. As of the date of the incident complained of herein, Plaintiff, ANDRE GALLEGOS, had never been convicted of a crime.

14. At all times material hereto, Plaintiff, KOLBY L. PETTINE LONDONO, was a resident of the City of Albuquerque, located in Bernalillo County. At the time of the incident at issue herein, Plaintiff suffered damages as a result of the officers' unwarranted arrest. As of the date of the incident complained of herein, Plaintiff, KOLBY L. PETTINE LONDONO, had never been convicted of a crime.

15. At all times material hereto, Defendant, JEREMY APODACA, was employed as a law enforcement office by the City of Espanola. At all times material hereto, Defendant was acting under color of state law or local ordinance. He is sued in his individual capacity.

16. At all times material hereto, Defendant, ROBERT VIGIL, was employed as a law enforcement office by the City of Espanola. At all times material hereto, Defendant was acting under color of state law or local ordinance. He is sued in his individual capacity.

17. At all times material hereto, Defendant, JOE MARTINEZ, was employed as the Chief of Police for the Defendant, CITY OF ESPANOLA. As such, Defendant, JOE MARTINEZ, was responsible for the training, supervision and retention of Espanola Police officers. At all times material hereto, Defendant, JOE MARTINEZ, was acting under color of state law or local ordinance. He is sued in his individual capacity.

18. Defendant, CITY OF ESPANOLA, is a municipal corporation being organized and existing under and by virtue of the statutes of the State of New Mexico. The Defendant, City of Espanola, is and was the public employer of Defendants, JOE MARTINEZ, JEREMY APODACA, ROBERT VIGIL and Officer and Supervisors Does 1 through 10. Defendant, CITY OF ESPANOLA, was responsible for the hiring, training, supervision and retention of employees in the Defendants, JOE MARTINEZ, JEREMY APODACA, ROBERT VIGIL.

## FACTS

19. Plaintiffs here by adopt, re-allege, and incorporate by reference the allegations in paragraphs 1 through 18 above.

20. On Saturday, July 31, 2010, Plaintiffs, all of them, were at the Espanola business owned by Plaintiff, ANTONIO GALLEGOS, and located at 1201 North Paseo De Onate, Espanola, New Mexico.

21. Defendant, ESPANOLA POLICE DEPARTMENT, at about 12:46 p.m., received an assault call.

22. Defendant, JEREMY APODACA, was dispatched to 1201 North Paseo De Onate, Espanola, New Mexico at 1:45 p.m. When the Defendant arrived at the scene he asked Mr. Marquez and Plaintiff, KRISTIAN PETTINE, what happened they both replied "nothing". Defendant then asked if anyone had called 911?

23. Defendant, JEREMY APODACA, made verbal contact with Alfonso Gurule who allegedly stated that someone had "pulled a gun on him and told him 'you faggots don't belong here'".

24. When the Plaintiff, KRISTIAN PETTINE, attempted to advise the Defendant, JEREMY APODACA, that "…there was no problem…" Defendant, JEREMY APODACA, became aggressive and began focusing his attention upon Plaintiff, KRISTIAN PETTINE. Rather than continue the investigation of Mr. Gurule's complaint about a "gun", Defendant, JEREMY APODACA, focused his attention upon Plaintiff, KRISTIAN PETTINE, and began asking her questions about the whereabouts of Estavan.

25. When Plaintiffs, ANTONIO GALLEGOS and ANDRE GALLEGOS, came out of the business office, Defendant, JEREMY APODACA, became combative towards the

Plaintiff, ANTONIO GALLEGOS.  Defendant, JEREMY APODACA, without probable cause or justifiable reason, accused Plaintiffs, ANTONIO GALLEGOS and KRISTIAN PETTINE, of being intoxicated and endangering the life of the two year old minor child, Plaintiff, KOLBY L. PETTINE LONDONO.

26.     Defendant, JEREMY APODACA, called for another officer to assist him, whereupon, Defendant, ROBERT VIGIL, arrived.  When Plaintiff, ANTONIO GALLEGOS, requested that both Defendant Officers leave his private property because there was nothing to investigate, Defendant, ROBERT VIGIL, became extremely aggressive.  As Plaintiff, ANTONIO GALLEGOS, was walking back towards his office, with his back to the Defendants, he was forcefully and violently taken to the ground by the Defendant, JEREMY APODACA.  During this unlawful use of force, Defendant, ROBERT VIGIL, without justifiable cause or reason used his Taser against the Plaintiff, ANTONIO GALLEGOS.

27.     Despite the fact that Plaintiff, ANTONIO GALLEGOS, was leaving the scene, not causing any disturbance and had his back to the Defendants, he was arrested and charged with Battery upon a Peace Officer and Resisting, Evading or Obstructing an Officer.

28.     Upon witnessing the unjustified use of excessive force by the Defendants against Plaintiff, ANTONIO GALLEGOS, Plaintiffs, KRISTIAN PETTINE and ANDRE GALLEGOS, questioned the Defendants' arrest of Plaintiff, ANTONIO GALLEGOS.  Upon hearing their questions, Defendant, ROBERT VIGIL, without probable cause or justifiable reasons, forcefully handcuffed and placed Plaintiffs, KRISTIAN PETTINE and ANDRE GALLEGOS, under arrest.

29.     Plaintiff, KRISTIAN PETTINE, was forcefully arrested by the Defendant, ROBERT VIGIL, handcuffed and charges with Resisting, Evading or Obstructing an Officer.

30. Plaintiff, ANDRE GALLEGOS, was forcefully arrested and handcuffed although he was not charged with any crime he was none the less transported to the Espanola Detention Center.

31. Plaintiff, KOLBY L. PETTINE LONDONO, was arrested and taken away from her mother and family and transported to the Espanola Hospital where a CYFD worker, identified as CAMILLE SCARCELLA, took the minor child.

32. Defendants, after the illegal arrest of Plaintiffs, failed to secure their home and automobiles where upon Plaintiffs sustained property damage because of Defendants' negligence.

33. As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered the following injuries and damages:

   a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   b. Loss of physical liberty;

   c. Physical pain and suffering and emotional trauma and suffering, which required the expenditure of money for medical treatment; and

   d. Attorney fees, costs and expenses in defense of the malicious prosecution of criminal charges.

34. Plaintiff, ANTOINO GALLEGOS, was arrested on false charges of Battery upon a Peace Officer and Resisting, Evading or Obstructing an Officer.

35. Plaintiff, KRISTIAN PETTINE, was arrested on false charges of Resisting, Evading or Obstructing an Officer.

36. Plaintiff, ANDRE GALLEGOS, was arrested apparently for no reason at all as he was not charged with a crime.

37. Plaintiff, KOLBY L. PETTINE LONDONO, was forcefully taken away from her family and was not free to leave with her family and thereby arrested for no reason at all.

38. There was no probable cause to arrest any of the Plaintiffs. Rather, the charges were filed as a pretext to conceal the unlawful, assaultive conduct of the Defendants. Plaintiffs were taken to jail, with the exception of Plaintiff, KOLBY L. PETTINE LONDONO. Plaintiffs, ANTONIO GALLEGEOS and KRISTIAN PETTINE, were forced to wait until they were arraigned and forced to post bail and/or bond.

39. Plaintiff, ANTONIO GALLEGEOS, suffered severe pain from the injuries sustained at the hands of the Defendants who assaulted and Tasered him.

40. Criminal charges were filed against Plaintiffs, ANTONIO GALLEGOS and KRISTIAN PETTINE, by the Defendants, City of Espanola and Espanola Police Department, charging them the crimes as aforesaid. All of the charges were filed maliciously and without probable cause and were disposed of in a manner favorably to Plaintiffs. Plaintiff's, KRISTIAN PETTINE, charges were dismissed by a Magistrate Court Judge.

41. The injuries suffered by Plaintiffs described above were a direct result of the deliberately indifferent hiring, training, supervision and retention policies followed by the Defendants, CITY OF ESPANOLA and Defendant, JOE MARTINEZ.

42. Plaintiffs' injuries were a direct result of Defendants' ratification of citizen complaints alleging assault, battery, excessive force, false arrest and malicious prosecution filed against the Plaintiffs by the Defendants and by their grossly inadequate investigation of citizen complaints. In fact, although Defendants received notice of Plaintiffs' alleged beating on or before Plaintiffs filed a Torts Claim Notice, no internal-affairs-type investigation was undertaken to determine whether any of the officers involved had acted improperly.

43. Plaintiffs further claims that their injuries were directly caused by the deliberate indifference of Defendant, CITY OF ESPANOLA, in their failing to provide adequate training to its' Police Officers in the use of force, including the proper use of Tasers, and in the law regarding probable cause and in hiring, training, supervising and retaining officers, such as Defendants.

44. As a direct result of the conduct of Defendants, Plaintiffs suffered violations of their Fourth Amendment rights to be free from arrest without probable cause and their Fourth Amendment right to be free from unreasonable and unnecessary force.

45. As direct and proximate result of the acts and omissions of Defendants, Plaintiff, ANTONIO GALLEGOS, endured physical pain and suffering, suffered and continues to suffer emotional distress, embarrassment and humiliation and incurred attorney fees.

46. As direct and proximate result of the acts and omissions of Defendants, Plaintiffs, KRISTIAN PETTINE and ANDRE GALLEGOS suffered and continue to suffer emotional distress, embarrassment and humiliation and have incurred attorney fees.

## COUNT I

### 42 U.S.C. §1983 against Individual Defendants

47. Plaintiffs here by adopt, re-allege, and incorporate by reference the allegations in paragraphs 1 through 46 above.

48. Plaintiffs' claim damages for the injuries set forth above under 42 U.S.C. §1983 against Defendants, JOE MARTINEZ, JEREMY APODACA, ROBERT VIGIL, CAMILLE SCARCELLA and Officer, Employees and Supervisors Does 1 through 10, for violations of their constitutional rights under color of law.

## COUNT II

### Assault and Battery against Individual Defendants

49. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 48 above.

50. Defendants, JEREMY APODACA and ROBERT VIGIL, did commit an assault and battery upon the Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE and ANDRE GALLEGOS.

51. As a result of this assault and battery, Plaintiffs suffered injuries and damages as aforesaid.

## COUNT III

### Civil Rights Violation - Excessive Use of Force
### (In Violation of the Fourth and Fourteenth Amendments)

52. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 51 above.

53. Defendants', JEREMY APODACA and, ROBERT VIGIL, use of physical force against Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE and ANDRE GALLEGOS, was without reasonable suspicion or probable cause to believe that Plaintiffs posed any physical danger to anyone, and when Plaintiffs had complied with Defendants' demands.

54. The actions of the Defendants were intentional.

55. The actions of the Defendants were extreme and outrageous.

56. The actions of the Defendants were intended to cause severe emotional distress.

57. As a direct and proximate result of the acts of the Defendants, as described herein, the Plaintiffs have suffered severe emotional distress.

58. As a consequence of the actions of the Defendants, the Plaintiff, ANTONIO GALLEGOS, has suffered, inter alia, physical injury, harm, swelling, bruising, cuts, scrapes to his back and neck, and has suffered great terror, fear, humiliation, indignity, anxiety, stress, emotional and mental upset, injury, and severe pain, and was held up to scorn and ridicule, and was publicly treated like a criminal.

59. As a consequence of the actions of the Defendants, the Plaintiffs, KRISTIAN PETTINE and ANDRE GALLEGOS, have suffered, inter alia, physical harm and have suffered great terror, fear, humiliation, indignity, invasion of privacy, anxiety, stress, emotional and mental upset, injury, and severe pain, and was held up to scorn and ridicule, and was publicly treated like a criminals.

60. In the manner described above, the Defendants subjected the Plaintiffs to unreasonable force, false arrest, malicious prosecution. Plaintiffs, ANTONIO GALLEGOS and KRISTIAN PETTINE, and unlawful search and seizure and in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### False Imprisonment against Individual Defendants

61. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 60 above.

62. Defendants, JEREMY APODACA and, ROBERT VIGIL, illegally arrested and imprisoned Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE, KOLBY L. PETTINE LONDONO and ANDRE GALLEGOS.

63. As a result of this false arrest and imprisonment, Plaintiffs suffered damages as aforesaid.

## COUNT V

### 42 U.S.C. §1983 against City of Espanola

64. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 63 above.

65. Prior to July 31, 2010, the Defendants, CITY OF ESPANOLA, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Espanola, New Mexico, which caused the violations of Plaintiffs' rights.

66. It was the policy and/or custom of the Defendants, CITY OF ESPANOLA, to inadequately and improperly investigate citizen's complaints of police misconduct and acts of misconduct were instead tolerated by the Defendants.

67. It was the policy and/or custom of the Defendants, CITY OF ESPANOLA, to inadequately supervise and train its police officer, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Defendants, CITY OF ESPANOLA, did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

68. As a result of the above described policies and customs, police officers, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the Defendants, CITY OF ESPANOLA, to the constitutional rights of persons within the City of Espanola and were the cause of the violations of Plaintiffs' rights alleged herein.

## COUNT VI

### Malicious Abuse of Process against the City of Espanola

70. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 70 above.

71. The Defendant, CITY OF ESPANOLA, without probable cause, filed criminal charges against Plaintiffs, ANTONIO GALLEGOS and KRISTIAN PETTINE.  On August 18, 2010, the criminal charges against the Plaintiff, ANTONIO GALLEGOS, were dismissed without prejudice.

72. On October 4, 2010, the Magistrate Court in Espanola held a trial on the criminal charges against Plaintiff, KRISTIAN PETTINE. Plaintiffs successfully had all of the charges dismissed.

73. Defendants' primary motive for bringing and continuing the criminal charges were to accomplish an illegitimate end.

74. As a result of this malicious prosecution and abuse of process, the Plaintiffs suffered damages in the form of attorney fees, costs and expenses.

## COUNT VII

### Punitive Damages against Individual Defendants

75. Plaintiffs here by adopt, reallege, and incorporate by reference the allegations in paragraphs 1 through 74 above.

76. The aforementioned actions of the Defendants, JEREMY APODACA, and ROBERT VIGIL, were intentional, wanton and reckless.  Plaintiffs are entitled to an award of punitive damages against each individual Defendant, Officers and Supervisors Does 1 through 10, in their individual capacity.

## DAMAGES

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

1. For compensatory damages, jointly and severally, in an amount to be determined by the trier of fact.

2. For pain and suffering, jointly and severally, in an amount to be determined by the trier of fact.

3. For punitive damages, against each of the individual Defendants to be determined by the trier of fact.

4. For reasonable costs and attorneys incurred in prosecuting this action.

5. For pre-judgment and post-judgment interest.

6. For such other and further relief as the Court deems just and proper.

**Respectfully Submitted:**

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
**NEW MEXICO FIRM, LLC**
103 N. St. Francis Drive, Unit A
Santa Fe, NM 87501
Phone: (505) 988-9750
*Counsel for Plaintiffs*