IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
ANDRE GALLEGOS, and KOLBY L. PETTINE
LONDONO, a minor child,

        Plaintiffs,

v.                                                  CIV No. 12-224 LH/KBM

CITY OF ESPANOLA, a municipal corporation,
JOE MARTINEZ, individually and in his individual capacity,
JEREMY APODACA, individually and in his individual capacity,
ROBERT VIGIL, individually and in his individual capacity,
CITY OF ESPANOLA OFFICERS and SUPERVISORS
JOHN DOES 1 through 10, individually and in their individual capacities,
CAMILLE SCARCELLA, individually and in her individual capacity
STATE OF NEW MEXICO, CYFD, EMPLOYEES and SUPERVISORS
JOHN DOES 1 through 10, individually

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend or Supplement Complaint, (Doc. 24), filed January 7, 2013. The Court, having considered the pleadings submitted by the parties, the briefs of counsel, and otherwise being fully advised, finds that the motion shall be **denied in part as moot** and additionally that Defendant City of Espanola ("Defendant City") and Defendants Joe Martinez, Jeremy Apodaca, and Robert Vigil ("Individual Officers") shall by April 26, 2013, either file notice with the Court identifying an extension of time that has been agreed upon by the parties for filing a response, or 2) file a response to Plaintiffs' Motion to Amend.

In their Motion to Amend, Plaintiffs seek to amend their complaint in various ways, asserting that "new facts about Defendants' conduct have emerged." (Pl.'s Motion to Amend, at 1.) Plaintiffs attach to their motion a proposed "Third Amended Complaint" in which they underline the proposed changes and additions. (*Id*. at Ex. A.) Having reviewed the proposed "Third Amended Complaint," the Court notes that the amendments to Plaintiffs' Complaint appear to include the following additional claims: 1) an official and individual capacity claim under 42 U.S.C. § 1983, as well as a punitive damages claim, against Defendant Camille Scarcella ("Defendant Scarcella"); 2) a Section 1983 claim against Defendant Children Youth and Families Department ("Defendant CYFD"); 3) an official capacity claims, under Section 1983, against "Employees and Supervisors John Does 1 through 10"; and 4) official capacity claims against Individual Officers. (*Compare* Plaintiff's Motion to Amend Ex. A *with* Ex. B.) Additionally, Plaintiffs include the following supplemental assertions: 1) that Defendant CYFD and Defendant Scarcella's seizure of Plaintiff Kolby L. Pettine Londono was predicated upon the unlawful arrest of Plaintiff Kristine L. Pettine and the illegal search of her home (*see* Plaintiff's Motion to Amend, Ex. A at ¶¶ 7, 34); 2) that the Individual Officers unreasonably seized, assaulted and battered Plaintiff Kolby L. Pettine Londono (*see id.* at ¶ 8); 3) that the violations and torts were committed by Defendant Scarcella, Defendant CYFD, and its employees and supervisors as a result of "official policies, procedures" of Defendant City and Defendant CYFD (*see id.* at ¶¶ 9, 43); and 4) that Individual Officers after arresting Plaintiffs, unlawfully searched their home and vehicles without a warrant (*see id.* at ¶¶ 7, 33, 34).

Subsequent to Plaintiff's Motion to Amend, Defendant Scarcella filed her Unopposed Motion to Dismiss with Prejudice All Claims Against Defendant Camille Scarcella and New Mexico Children Youth and Families Department. (Doc. 31.) Therein, Defendant Scarcella

stated that Plaintiffs' Second Amended Complaint, the operative complaint, failed to state a claim upon which relief could be granted against Defendant Scarcella or Defendant CYFD, as the parties were entitled to qualified immunity for the claims asserted against them.  (*Id*.) Counsel for Plaintiffs consented to Defendant Scarcella's motion, (*id*.), and this Court entered an Order of Dismissal of Plaintiffs' claims against Defendant Scarcella and Defendant CYFD, (Doc. 32.)  As a result, portions of Plaintiffs' Motion to Amend are now **moot**, including the additional claims asserted against Defendant Scarcella, Defendant CYFD, and Defendant CYFD employees and supervisors, as well as the factual assertions related to such claims.

This Court's Order of Dismissal, however, did *not* render moot certain of Plaintiffs' proposed amendments, including the official capacity claims against Individual Officers, the claim that Individual Officers unlawfully seized, assaulted, and battered Plaintiff Kolby L. Pettine Londono, and the claim that Individual Officers unlawfully searched Plaintiffs' home and vehicles without a warrant.

Neither Individual Officers nor Defendant City have responded to Plaintiffs' Motion to Amend.  According to the Certificate of Service found on page 2 of Plaintiffs' Motion to Amend, counsel of record for these defendants was electronically served on January 7, 2013.  Under Local Rule 7.4(a), a response to Plaintiffs' Motion to Amend was due to be served and filed within fourteen (14) calendar days thereafter.  To date, no notice of completion has been entered by Plaintiffs, and no notice has been filed identifying an extension of time agreed upon by the parties as required by Local Rule 7.4(a).  Accordingly, Defendant City and Individual Officers shall have until April 26, 2013, to either file notice with the Court identifying an extension of time that has been agreed upon or file a response to Plaintiffs' Motion to Amend.

**IT IS THEREFORE ORDERED** that to the extent that Plaintiffs seek to amend their complaint to assert claims against Defendant Scarcella and Defendant CYFD, Plaintiffs' Motion to Amend is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that no later than April 26, 2013, Defendant City and Individual Officers shall either:  1) file notice with the Court identifying an extension of time that has been agreed upon by the parties for filing a response brief, or 2) file a response.  Failure to file either of these documents will result in a **closure** of the briefing period for Plaintiffs' Motion to Amend.

_____
SENIOR UNITED STATES DISTRICT JUDGE