IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE, and
ANDRE GALLEGOS,

       Plaintiffs,

vs.                                                   No. CV-12-00224 LH-KBM

CITY OF ESPAÑOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS JOHN DOES 1 through 10,
individually and in their official capacities,

       Defendants.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND FATHER'S REQUEST TO REMOVE THE MINOR CHILD FROM THIS CASE**

    COMES NOW Plaintiffs, ANTONIO GALLEGOS, KRISTIAN PETTINE, and ANDRE GALLEGOS (hereinafter referred to as "Plaintiffs"), and for their Response to the Order to Show Cause and Father's Request to Remove the Minor Child, states as follows:

    1.    Plaintiff, Kristian Pettine, at the time the Complaint in this matter was filed – March 5, 2012 – shared legal custody of the minor child, K.L.P.L., with the father and pursuant to a Minute Order dated September 9, 2009.

    2.    Plaintiff filed the instant action without designating mother as the minor child's "next of friend" or "guardian" as set forth in NMRA, Rule 1-017(C). However, Plaintiff, having not named herself as "next of friend" or "guardian" does not automatically result in the Court's dismissal of the minor child from the case. Rule 1-017(C) states that "The court ***shall appoint a***

*guardian ad litem for an infant* or incompetent person *not otherwise represented in an action …"*. *Id.* (Emphasis ours).

3.       Plaintiff's counsel obtained the agreement of Retired Judge Tommy Jewell to act as General Guardian and Attorney for the minor child in the instant action. [See, Exhibit B, Acceptance of Appoint as Guardian and Attorney for Minor Child].

4.       Plaintiff had planned on filing the attached Motion with the Court to appoint Retired Judge Jewell as General Guardian and Attorney for the minor child. [See, Exhibit A, Motion to Appoint Guardian and Attorney for Minor Child].

5.       As held by the New Mexico Court of Appeal in *Chisholm v. Rueckhaus*, 1997-NMCA-112, 124 N.M. 255, 259-60, 948 P.2d 707, 711-12 (Ct. App. 1997), "[t]he courts in New Mexico have "a strong tradition of protecting a  child's best interests." *In re Adoption of Francisco A.*, 116 N.M. 708, 713, 866 P.2d 1175, 1180 (Ct.App.1993). "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in 'best interests of the children.'" *Sanders v. Rosenberg*, 1997 NMSC 002, ¶ 10, 122 N.M. 692, 930 P.2d 1144 (1996). In fact, *courts have a duty to assure that the interests of a child are legally represented*. See *Wasson v. Wasson*, 92 N.M. 162, 163, 584 P.2d 713, 714 (Ct.App.1978) (In proceeding brought by mother on behalf of minor children, "*an attorney is required for an infant not otherwise represented*" and "it would have been plain error for the court to proceed in the absence of counsel for the children."); see also *Garcia v. Middle Rio Grande Conservancy Dist.*, 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct.App.1983) ("A trial court in an action involving minor children has a special obligation to see that they are properly represented[.]"), overruled on other grounds by *Montoya v. AKAL Sec., Inc.*, 114 N.M. 354, 357, 838 P.2d 971, 974 (1992)."

6.      In father's request [*Doc.48*] he does not provide the court with any indication as to why it is in the minor's best interest to be removed from this case. It is clear that Plaintiff, Kristian Pettine, and father, Antonio Londono, are in a highly contentious custody battle as can be gleaned from the Minute Order dated March 7, 2013 and the Docket Sheet, Exhibit C. However, this fact does not provide the court with any indication as to what is in the minor child's best interest with respect her continued participation, via a General Guardian and Attorney, in this law suit.  In the Court fulfilling its' duty to **assure that the interests of a child are legally represented** it would make more sense that Retired Judge Jewell be appointed to act in the minor's best interest, rather than have a father who for nothing more than spite remove the minor child from the instant case.  The facts in the case are without dispute.

Plaintiff was arrested and charged with Resisting, Evading or Obstructing. [*Doc.50,* pg.6, ¶ 26]  Plaintiff was not charged with any alcohol offense, nor was she charged with any type of abuse or neglect regarding the minor child.  Plaintiff, Kristian Pettine, was successful in having the trumped up charges of Resisting, Evading or Obstructing dismissed in the Espanola, Magistrate Court.  However, as a result of her unlawful arrest, the Defendants, police officers, improperly placed the minor child in the custody of Children Youth and Families Department ("CYFD").  No petition was filed by CYFD for continued custody and temporary custody was given to the father.  As alleged in the Third Amended Complaint [*Doc.50,* pgs.6-7, ¶ 27 and 34] Plaintiff, Andre Gallegos, the minor child's step-uncle, was arrested for no apparent reason at all and prevented from caring for his step-sister while Plaintiffs, Antonio Gallegos and Kristian Pettine, were being detained by the Defendants.  In light of the undisputed facts in this case its hard to understand why the dismissal of the minor child from the case is in the minor child's best interest.  Plaintiff contends that it would aid the Court, in fulfillment of its duty, to protect the

minor child's interest, to appoint Retired Judge Tommy Jewell as the General Guardian and Attorney who could then advise the court on what is in the best interest of the minor child.

7.	Father's request, Doc. 48, pg. 4, ¶s 2-4, reflects that the minute order, with respect to visitation and custody, is only for 3 months.  Plaintiff, Kristian Pettine, has the right to request a hearing within 3 months.  On March 29, 2013, Plaintiff, Kristian Pettine, filed a Motion to, amongst other things, return legal custody.  [See, Exhibit C, Docket Sheet for Cause No. D-202-DM-200903202, pg.2, Registration of Actions Activity].  The matter is set to be heard on May 6, 2013, before the Honorable Judge Gerard J. Lavelle. [See, Exhibit C, pg.1, Hearings for this Case].  Not that this would fulfill the Court's duty with respect to protecting the interest of the minor child, but we invite the court look beyond the Minute Orders and custody dispute and truly consider what is in the child's best interest and decline father's invitation to, for his own spite, remove the minor child from participating in the instant action.

8.	In light of the Court's suggestions on this issue and the Order to Show cause, Plaintiff, despite the law and personal belief in this area, filed a Third Amended Complaint and removed the minor child from the case. [*Doc.50*]  Plaintiff request that the court consider all the arguments set forth above and allow Plaintiff to file the Motion Appointing Retired Judge Tommy Jewell as the minor child's General Guardian and Attorney so that her interest are protected and she is permitted to participate in the case with counsel.

## CONCLUSION

For all of the forgoing reasons, father's request should be denied, Plaintiff should be permitted to file her Motion to Appoint a General Guardian and Attorney for the minor child and be permitted to amend the Complaint to be added as a party.

                                              **Respectfully Submitted:**

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
**NEW MEXICO FIRM, LLC**
103 N. St. Francis Drive, Unit A
Santa Fe, NM 87501
Phone: (505) 988-9750
*Counsel for Plaintiffs*

I hereby certify that on the 5th day of May, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and mailed U.S. Mail, postage pre-paid to Antonio Londono:

| | |
|---|---|
| Mark Basham | Antonio Londono, *Pro Se* |
| 2205 Miguel Chavez Road, Suite A | 812 Jefferson St., N.E. |
| Santa Fe, NM 87505 | Albuquerque, NM 87110 |
| *Attorneys for City of Espanola Defendants* | |

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins