IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
and ANDRE GALLEGOS,

       Plaintiffs,

v.                                                                                     CIV No. 12-224 LH/KBM

CITY OF ESPANOLA, a municipal corporation,
JOE MARTINEZ, individually and in his individual capacity,
JEREMY APODACA, individually and in his individual capacity,
ROBERT VIGIL, individually and in his individual capacity,
CITY OF ESPANOLA OFFICERS and SUPERVISORS
JOHN DOES 1 through 10, individually and in their individual capacities,
CAMILLE SCARCELLA, individually and in her individual capacity
STATE OF NEW MEXICO, CYFD, EMPLOYEES and SUPERVISORS
JOHN DOES 1 through 10, individually

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Response to Order to Show Cause and Father's Request to Remove the Minor Child From This Case (Doc. 51) and upon Antonio Londono's Motion to Intervene or Have a Guardian Ad Litem Appointed (Doc. 52).

This Court entered its Order to Show Cause on May 2, 2013, ordering Plaintiffs to show cause why K.L.P.L., a minor child, should not be dismissed as a party to this case. *See Doc*. 49. The Court noted therein that Plaintiffs' operative complaint, which at that time was their Second Amended Complaint, did not indicate that the claims of the minor child were brought by any party on the child's behalf, either as a guardian or "next friend." *See id*. Yet under New Mexico Rule 1-017(C), a minor child does not have the capacity to personally prosecute an action in

court, but, instead, must be represented by a general guardian, a like fiduciary, a "next friend," or a "guardian ad litem." *See* NMRA 1-017(C).

In Response to the Court's May 2, 2013 Order to Show Cause, Plaintiffs indicated that at the time the Complaint was filed Plaintiff Kristian Pettine had joint legal custody of K.L.P.L. *Doc. 51* at ¶ 1. Plaintiffs further explained that Plaintiff Kristian Pettine and K.L.P.L.'s father, Antonio Londono, are now in a "highly contentious custody battle" in which Plaintiff Kristian Pettine has moved to have legal custody of K.L.P.L. returned to her. *Id.* at ¶¶ 4, 7.

On May 6, 2013, Antonio Londono, K.L.P.L.'s father, filed his Motion to Intervene or Have a Guardian ad Litem Appointed. *See Doc. 52*. Mr. Londono, who is not a party to this action, indicated that he had "sole legal and physical custody of K.L.P.L." *Id*. Mr. Londono asked the Court to "allow [him] to intervene in this case to speak for [his] daughter K.L.P.L. with the goal of removing her from the lawsuit" or, alternatively, to "appoint a guardian ad litem to represent K.L.P.L. and have [Plaintiffs' counsel] pay for this guardian ad litem." *Doc. 52* at 1-2. Mr. Londono suggested that Jane Levy, K.L.P.L.'s guardian ad litem in state family court, be appointed to represent her in this matter as well. *Id*. Plaintiffs, on the other hand, indicated in their response to the Court's Order to Show Cause that they had "obtained the agreement of Retired Judge Tommy Jewell to act as General Guardian and Attorney for the minor child in the instant action." *Doc. 51* at ¶ 3.

Nevertheless, on May 5, 2013, Plaintiffs filed their Third Amended Complaint, removing K.L.P.L. as a party to this case. *See Doc. 50*. Plaintiffs have not made a separate motion for leave to further amend their complaint to add K.L.P.L. as a represented plaintiff in this matter. Nor have Plaintiffs otherwise demonstrated that Plaintiff Kristian Pettine, K.L.P.L.'s mother, presently possesses decision-making authority with respect to K.L.P.L.'s participation in this

lawsuit. *See Rhinehart v. Nowlin*, 805 P.2d 88, 93 (N.M. Ct. App. 1990) (reasoning that under N.M. Stat. Ann. 40-4-9, legal custody grants a person the legal right to make decisions about various aspects of the child's life). As a result, the Plaintiff's Third Amended Complaint (Doc. 50) remains the operative complaint in this action, to which K.L.P.L. is no longer a party.

Because K.L.P.L. is not a party to this action, the motion filed by Antonio Londono, in which he seeks to intervene to speak for K.L.P.L. with the goal of removing her from the suit or to have a guardian ad litem appointed, is now moot.

**WHEREFORE, IT IS HEREBY ORDERED** that Antonio Londono's Motion to Intervene or Have a Guardian Ad Litem Appointed (Doc. 52) is hereby **denied as moot.**

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE