IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN
PETTINE and ANDRE GALLEGOS,

       Plaintiffs,                Case No. 12-CV-00224 LH/KBM

v.

CITY OF ESPANOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official
capacity; JEREMY APODACA, individually and
in his official capacity; ROBERT VIGIL,
individually and in his official capacity; CITY OF
ESPANOLA OFFICERS and SUPERVISORS
JOHN DOES 1 THROUGH 10, individually and in
their official capacities,

       Defendants.

## CITY OF ESPANOLA DEFENDANTS' AMENDED MOTION TO COMPEL DISCOVERY AND SUPPORTING MEMORANDUM

**COME NOW** Defendants City of Espanola, Joe Martinez, Jeremy Apodaca, Robert Vigil, City of Espanola Officers and Supervisors John Does 1 through 10 (hereinafter, "City Defendants"), by and through their counsel of record, Basham & Basham P.C. (Mark A. Basham), and pursuant to Fed. R. Civ. P. Rule 37(a) move this Court to compel Plaintiff to fully respond to City Defendant's First Set of Interrogatories to Plaintiff Pettine Nos. 10, 15 and 20, and First Set of Requests for Production to Plaintiff Pettine, Nos. 2, 3, 6 and 9; and to City Defendants' Second Set of Interrogatories to Plaintiffs, numbers 1, 3, 4 and 9 and Second Set of Requests for Production to Plaintiffs, numbers 1, 3, 4 and 5.

Defendants certify that they have conferred in good faith with counsel for Plaintiff in an attempt to resolve this dispute, but have been unsuccessful. (See *Exhibit1*, Letter dated July 18, 2013 to Nathaniel Thompkins, Esq.; *Exhibit 2*, Letter dated July 22, 2013 to Nathaniel V.

Thompkins, Esq.; *Exhibit 3*, Letter dated August 12, 2013 from Nathaniel V. Thompkins. Based on Plaintiffs' counsel's letter dated August 12, 2013 (*Exhibit 3*), Plaintiff opposes the relief requested herein. In support of their Motion, Defendants state as follows:

## I. INTRODUCTION

This action was filed on March 5, 2012. Plaintiffs filed a First Amended Complaint on March 23, 2012 and a Second Amended Complaint on March 25, 2012. Service on the City of Espanola defendants for the Second Amended Complaint was not made until May 10, 2012.

Plaintiffs' complaint arises out of the events following City of Espanola Police Officers responding to a 911 call on July 31, 2010 at the residence and business of Plaintiff Antonio Gallegos. Plaintiffs allege that without basis the Espanola police officers accused the adult Plaintiffs of being intoxicated and endangering the life of Plaintiff K.L.P.L., a minor. The officers, using excessive force and without probable cause, arrested the Plaintiffs. Following Plaintiff Pettine's arrest, she lost custody of K.L.P.L.

Defendants contend that the adults at the scene were noticeably intoxicated. The young child K.L.P.L was wearing nothing but an obviously soiled and thick, heavy diaper. Guns were found at the scene, some loaded and accessible to K.L.P.L. (*Exhibit 4*, Uniform Incident Report, July 31, 2010.)

Antonio Gallegos (husband of Plaintiff Pettine and stepfather to K.L.P.L) was arrested after he committed battery on one of the police officers at the scene. Plaintiff Pettine was arrested for resisting, evading or obstructing an officer and the other adults were taken into custody for detoxification. Andre Gallegos, also a minor, was taken to the Youth Shelter for protective custody. The minor K.L.P.L was taken by ambulance to the Espanola Hospital for a medical evaluation. CYFD then took custody of K.L.P.L. as Pettine refused to provide

2

information as to the child's biological father, who was later found to share custody of K.L.P.L. (See *Exhibit 4*, Incident Report.)

## II. PROCEDURAL HISTORY

On October 25, the Court entered its Initial Scheduling Order. Per the Order, initial disclosures were to be made by December 19, 2012. Plaintiffs filed a Certificate of Service on December 19th alleging to have timely made their initial disclosures, but these were not received by City Defendants' counsel until well after that date. Further, in violation of Fed. Rule Civ. P. 26 (a)(1)(A), Plaintiff Pettine failed to provide a complete list of Plaintiff's health care providers and therapists, a fact that City Defendants learned during her deposition taken on June 21, 2013. Nor did Plaintiff provide a copy of or description by category and location of documents that may be used to support her claims as required by Fed. R. Civ. P. Rule 26(a)(1), which provides that:

> (A) In General. … a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy – or a description by category and location – of all documents electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Pursuant to the Scheduling Order entered by the Court on December 19, 2012, discovery was to end on May 6, 2013. At Plaintiffs' subsequent request, the discovery deadline was extended to July 5, 2013.

## III. ARGUMENT

City Defendants seek to compel Plaintiff Pettine to fully answer and respond to Defendants' First Set of Interrogatories and Requests for Production to her, and to compel Plaintiffs to fully respond to Defendants; its concerns with its Second Set of Discovery to Plaintiffs. Defendants' arguments as to the deficiency of Plaintiff Pettine's and Plaintiffs' answers and responses to discovery propounded on them are as follows:

1. **Defendants' First Set of Interrogatories Nos. 10, 15 and 20 and Requests for Production Nos. 2, 3, 6, 8 and 9 and Medical, Employment and Educational Releases**

On January 11, 2013, City Defendants propounded their First Set of Interrogatories and First Set of Requests for Production on Plaintiff Pettine. Attached to the Requests for Production were medical, employment and educational releases for Ms. Pettine's signature. At Plaintiff's request, the due date for her answers and responses was extended to February 27, 2013; Plaintiff mailed her answers and responses to City Defendants on February 27th. In spite of the extended deadline, many of Plaintiff's answers and responses were incomplete; in fact, Plaintiff's initial answers to interrogatories were never received by City Defendants. The first answers from Plaintiff Pettine Defendants received were her Supplemental Answers, mailed on May 17, 2013.

Still, Plaintiff Pettine's Answers were deficient as to interrogatory numbers 10, 15 and 20, as were her responses to requests for production ("RFP") numbers 2, 3, 6, 8 and 9. (See *Exhibit 1; Exhibit 5*, Plaintiff Pettine's First Supplemental Answers to City Defendants' First Set of Interrogatories to Plaintiff Pettine, Nos. 10, 15 and 20; *Exhibit 6*, Plaintiff Pettine's Responses to City Defendants' First Set of RFP to Plaintiff Pettine, Nos. 2, 3, 6, 8 and 9; and *Exhibit 7*, Plaintiff Pettine's First Supplement Response to City Defendants' First Set of RFP, Nos. 2, 3, 6, 8 and 9.)

Interrogatory 10 and 15 of City Defendants' First Set of Interrogatories to Plaintiff Pettine, request Ms. Pettine to provide the names, addresses and phone numbers of all her current

4

and past counselors and health care providers, respectively; interrogatory 20 asks that she provide an itemized account of all losses and expenses she claims resulted from the alleged occurrence. Her answers were incomplete as to her current providers, and she refused to provide names of any past providers; further she failed to provide the addresses and telephone numbers of identified current providers, nor did she provide an itemized accounting, as requested in interrogatory 20. (See *Exhibit 5*.)

RFP 2 requested Plaintiff Pettine to provide copies of documents relating to her answer to interrogatory 10, her current health care providers; RFP 3 requested that she provide documents related to interrogatory 15, her past mental health care providers; RFP 4 that she provide documents related to interrogatory 17, name of the biological father of K.L.P.L. and explain the custodial arrangement; RFP 6 that she provide copies of documents relating to her answer to interrogatory 20, the itemized accounting of all claimed losses and expenses; and RFP 8 that she provide copies of any and all bills for counseling or treatment due to the alleged trauma she suffered as a result of the subject incident. To each of these, Plaintiff responded that she was "in the process of gathering all invoices which contain the [providers'] names and telephone number[s]". (*Exhibit 6*, Plaintiff Pettine's Responses to Defendant City's First Set of RFP.)

By letter dated July 18, 2013 (*Exhibit 2*) and emailed to Plaintiff's counsel, Defendant made a good faith attempt to resolve its discovery concerns as to Plaintiff Pettine's answers and responses. Defendants requested Plaintiff provide a complete list of her medical and mental health care providers, both past and present, their addresses and telephone numbers and copies of her medical records and bills. Defendants also requested that Plaintiff Pettine execute the medical, education and employment releases that had been provided with Defendants' First Set of RFP to Plaintiff Pettine.

5

In response, Plaintiff Pettine promptly sent her Third Supplemental Answers to Defendants First Set of Requests for Production. (See *Exhibit 8.*) However, her answers and responses remained incomplete as she did not provide a list of past health care providers nor records from her past or current medical and health care providers. Further, Plaintiff refused to execute the provided releases, arguing she is not required as there is no specific numbered interrogatory or request for production requesting she execute the releases. Plaintiff followed this with a Fourth Supplemental Response to Defendant's First Request for Production. These too fail to provide complete responses to City Defendants' initial requests for production. (See *Exhibit 9*; no records are provided from *Maureen Polikoff*, MSW).

Although Plaintiff has provided four sets of supplemental answers, she still has not fully answered the above interrogatories or provided complete medical and billing records from all of her providers provided an executed medical release. Even at that, the limited medical records she has provided came only after the close of discovery, and some six to seven months after the discovery requests had been sent to Plaintiff. (See *Exhibit 8*, Plaintiff's Third Supplemental Response RFP No. 8 (Maureen Polikoff is retired and Plaintiff cannot obtain her records; Maria Baca's records have been archived); *Exhibit 9*, Plaintiff's Fourth Supplemental Responses.) As a result, City Defendants have been severely prejudiced in their ability to prepare a defense to Plaintiffs' allegations.

Both past and present medical records are relevant and necessary for City Defendants to formulate a defense to determine whether Plaintiff Pettine suffered from anxiety, depression and other issues, including drug and alcohol abuse and domestic violence, prior to the July 31, 2010 incident. This is particularly true in light of documents evidencing that Ms. Pettine may been the victim of domestic violence prior to July 31, 2010, and may still be subjected to domestic

violence in her current marriage. (See *Exhibit 10 A-C* (911 Domestic Violence Calls, and *Exhibit 11*, Maureen Polikoff and Veterans Administration medical records, (8/30/10 – depressed, can't work, on medical disability due to depression because 2 y/o daughter kidnapped by her father; binge drinking in college, anxiety; 10/6/11 - prior relationship miserable, verbal abuse, incident of choking; 2/6/12 concussion, hit accidently with a golf club; 4/16/12, ex-husband filed restraining order and she lost all custody rights for 3 months; 6/18/12 drank pine sol instead of red bull). Therefore, all her current and past medical and mental health treatment, evaluations, diagnosis and visits to any medical and mental health care provider or counselor are relevant and should be discoverable. Also relevant are Pettine's employment records from prior jobs. To obtain these records, Defendant requires medical and employment releases executed by Pettine reaching back at least fifteen years, to her early adulthood.

At this time, the only medical records and bills Defendants have are those Plaintiff has chosen to provide, all of which were provided after the close of discovery and after City Defendants had taken Plaintiff Pettine's deposition. The only way that Defendants can obtain Plaintiff Pettine's past medical records and be assured that it has a complete set of her current medical and mental health care records is for the Court to require Pettine to execute a medical release to allow City Defendants to request the documents to review in their entirety, and to require Pettine to fully answer City Defendants' interrogatories and requests for production, specifically to include interrogatory 15 wherein Defendants requested the names and contact information of Pettine's prior mental health care providers. It also requests it be allowed a reasonable period of time to collect the records and to re-depose Plaintiff so that it can explore medical and health care issues disclosed by Plaintiff Pettine's recently provided medical records,

7

as well as issues that may be disclosed in medical records obtained as a result of Pettine executing a medical release.

Because Plaintiff claims she lost her job due to the subject event, her prior job performance is relevant to Defendants preparing their defense. Also, her educational records may provide additional information as to emotional or other problems Pettine had while in school.

Although Plaintiff Pettine refuses to execute the requested releases because Defendant did not specifically request she do so in an interrogatory or RFP, Defendants attachment of the releases to its First Request for Production to Plaintiff constitutes a request that they be executed.

2. **Defendants' Second Set of Discovery Requests to Plaintiffs, Interrogatory Nos. 1, 3, 4 and 9, and RFP Nos. 1, 3, 4 and 5**

On May 31, 2013, City Defendants served Plaintiffs with its Second Set of Interrogatories and Requests for Production. Plaintiffs' answers and responses were mailed several days after they were due; answers to interrogatory nos. 1, 3, 4 and 9, and responses to requests for production nos. 1, 3, 4 and were incomplete or inadequate, as set out below. (*Exhibit 12*, Plaintiffs' Answers and Responses to City Defendants' Second Set of Interrogatories and RFP).

In Interrogatory Nos. 3 and 4 of its Second Set of Interrogatories to Plaintiffs, Defendants asked if Plaintiffs' expert had reviewed the Public Service Aide's dash cam video or belt recorder before preparing his expert report. Plaintiffs responded that he had not viewed the video or belt recorder until after the "Expert Witness had written his preliminary report." In its July 22, 2013 letter to Plaintiffs' counsel regarding City Defendants' concerns with Plaintiffs' answers and responses, Defendants requested that if Plaintiffs' expert has prepared a supplemental report based on viewing these items, to provide a copy of the supplemented report,

8

and if none exists, to have him supplement his report based on his review of the additional evidence so that Defendants can learn of any changes in his opinions based on this evidence.

Plaintiffs deny that after viewing the video and belt recorder that their expert prepared a supplemental or final report. However in compliance with Rule 26(e)(1), City Defendants request that the Court require Plaintiffs' expert to supplement his report now that he has viewed the dash cam video and belt recorder. See *Fed. R. Civ. P. 26(e)(2)*, any additions or changes to the information in the expert's report must be disclosed; Rule 26(e)(1) and (A), disclosures are to be supplemented or corrected "in a timely manner"; see also *Talbert v. City of Chicago*, 236 F.R.D. 415, 2006 U.S. Dist. LEXIS 47307, holding that (Rule 26(e)(1) imposes a "duty" on a party to supplement an expert's report "if a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing".

Interrogatory 9 requests that "Plaintiffs provide the factual basis for your expert witness' conclusion that the incident on which your complaint is based was wrongly handled … [and to] state with specificity how your expert witness would have handled the situation differently". Plaintiffs only answer was to refer Defendants to the expert's report.

By letter dated July 22, 2013 (*Exhibit 2*) written to Plaintiffs' counsel Nathaniel Thompkins, City Defendants made a good faith attempt to resolve the discovery issues it had regarding Plaintiffs' answers and responses to City Defendants' Second Set of Discovery to Plaintiffs. Defendants again requested that Plaintiffs' expert supplement his report, as his opinions on the July 31, 2010 situation are mere unsupported assertions lacking foundation, and to explain how he would have handled the situation differently from the Espanola police officers.

Plaintiffs refused, stating that "Plaintiffs have filed the appropriate answers and objections to this interrogatory." (See *Exhibits 3 and 12*.)

Fed. R. Civ. P. 26(a)(2) advisory committee's note to the 1993 Amendments provides that an expert must prepare a "detailed and complete written report stating the testimony the witness is expected to present during direct examination, together with the reasons therefore". Further, the court in *Hicks v. Dairyland Insurance Co.*, 2009 U.S. Dist. LEXIS 76832 held that expert's reports should be sufficiently detailed and complete, so that counsel can conserve resources by avoiding the necessity of deposing experts in every case without running the risk of being ambushed at trial. In compliance with Rule 26 and case law, Defendant requests the Court compel Plaintiffs to require their expert to supplement his report as requested in interrogatory 9 and by Defendants' July 22nd letter. If Plaintiffs fail to comply, Defendants request that Plaintiffs' expert be stricken as a witness.

Pretrial discovery rules under Rule 1-026 enable the parties to obtain the fullest possible knowledge of the facts before trial. Notwithstanding any objections, the presumption is in favor of discovery.

**WHEREFORE,** City of Espanola Defendants respectfully request that this Court compel Plaintiff Pettine to fully answer Defendants' First Set of Interrogatories and Requests for Production to Plaintiff Pettine, interrogatories 10, 15 and 20 and requests for production 2, 3, 6, 8 and 9, and to execute the medical, employment and educational releases that have been provided to her as part of Defendants' First RFP to Pettine, and that Plaintiffs fully answer Defendants' Second Set of Interrogatories and Requests for Production to Plaintiffs, interrogatories 1, 3, 4 and 9, and requests for production 1, 3, 4, and to extend discovery for a reasonable time for the limited purpose of allowing Defendants to obtain relevant records after receipt of the releases, to

sanction Plaintiffs for their calculated and bad faith delay in providing required documents and releases by requiring they pay Defendants' attorney fees and costs in preparing this motion, and order all other relief this Court deems just and proper.

Respectfully submitted,

**Electronically Filed**
*/s/ Mark A. Basham*
Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
(505) 988-4575
*Attorneys for Espanola Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on the 27th day of August 2013, I filed the foregoing Espanola Defendants' Amended Motion to Compel Discovery and Supporting Memorandum which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Nathaniel Thompkins, Esq.
New Mexico Firm, L.L.C.
103 N. St. Francis Drive, Unit A
Santa Fe, New Mexico 87505
nate@newmexicofirm.com
Attorney for Plaintiffs

*/s/ Mark A. Basham*
Mark A. Basham