IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
and ANDRE GALLEGOS,

                    Plaintiffs,

vs.                                                            CIV 12-0224 LH/KBM

CITY OF ESPAÑOLA, a municipal corporation, et al.,

      Defendants.


## <u>MEMORANDUM OPINION AND ORDER ON PENDING MOTIONS</u>

        THIS MATTER comes before the Court on City of Española Defendants'

Amended Motion to Compel Discovery and Supporting Memorandum (*Doc. 91*) ("Motion

to Compel"), which was fully briefed on October 3, 2013; City of Española Defendants'

Amended Motion to Strike Witnesses and Exhibits Provided as Part of Pettine's Third

and Fourth Supplemental Responses to Defendant City of Española's First Set of

Requests for Production (*Doc. 92*) ("Motion to Strike") which was fully briefed on

October 3, 2013; and Plaintiffs' Motion for Leave to File a Sur-Reply to Defendants'

Motion to Strike Witnesses and Exhibits Provided as Part of Pettine's Third and Fourth

Supplemental Reponses to Defendant City of Española's First Set of Request for

Production (*Doc. 106*) ("Motion for Leave"), to which no response was filed.  For the

reasons set forth below, the Court will grant in part and deny in part Defendants' Motion

to Compel, and will deny Defendants' Motion to Strike and Plaintiffs' Motion for Leave

as moot.

1. <u>Defendants' Amended Motion to Compel is Timely</u>

As an initial matter, Plaintiffs contend that Defendants' motion to compel is untimely.  Plaintiffs' responses to Defendants' First Set of Interrogatories were due February 27, 2013, but Defendants assert that they did not receive those responses until May 17, 2013.  Responses to Defendants' Second Set of Interrogatories and Requests for Production were due July 3, 2013, but were not received by Defendants until July 8, 2013.  Defendants filed the instant Motion to Compel on August 16, 2013 (amended August 27, 2013).

Plaintiffs, relying on D.N.M.LR-Civ. 26.6, argue that a motion to compel is untimely when it is filed, as here, more than twenty-one days after responses are served.[1]  As Defendants point out, however, D.N.M.LR-Civ. 26.6 applies by its terms only when a party has been served with objections.  When. as here, no objections are interposed, the local rule's twenty-one day period for filing a motion to compel simply is not triggered.

Plaintiffs failed to assure that their responses were received by Defendants in a timely fashion and they served no less than five supplemental responses to Defendants' request for production, the latest being in on August 12, 2013, well after the close of discovery.  Yet even the rolling production of answers to discovery requests failed to provide sufficient and complete responses as further discussed below.  It bears noting that Defendants made several attempts to resolve the dispute without involving the Court, but it still took almost three months for Plaintiff Pettine to provide responses.

_____

[1]  Both Plaintiffs and Defendants refer to a "20-day" period in which to file a motion to compel, but the Local Rule now in effect clearly provides for a "21-day" period.

Accordingly, the Court finds that Defendants' Motion to Compel was filed in a timely fashion and will be decided on the merits.

        a.  <u>Defendants' First Set of Interrogatories and Requests for Production</u>

In their first set of discovery requests, Defendants seek information regarding the identification of Pettine's medical providers and medical expenses.  Specifically, Defendants move to compel responses to Interrogatory Nos. 10, 15, and 20 and Request for Production Nos. 2, 3, 6, and 8.[2]  Defendants also maintain that they attached educational and employment records releases for Pettine's signature, which were never produced.  Plaintiffs deny the releases were attached to the requests.

Plaintiff Pettine provided some, but not all, of the addresses and telephone numbers of her medical providers.  Specifically, in her first response to Interrogatory Nos. 10 and 15, Pettine failed to provide the addresses and telephone numbers for counselors and treatment providers Jane Levy, Bob Galligan, Matt Torres, the APN Family Services, and ABQ Drug Testing, Inc.  It appears that providers Dr. Syed N. Shah and Terry Ashcom were not even identified until Pettine provided her Third Supplemental Answers on July 19, 2013, two weeks after discovery terminated on July 5, 2013.  Clearly, the disclosures were inadequate and untimely.

Plaintiff argues that any deficiency should be overlooked because her First Supplemental Response to Defendants' request for production included documents containing the name, address and telephone number of the providers identified above. However, merely producing documents that also give the information sought in an

---

[2] Defendants reference Request for Production No. 4 and Request for Production No. 9 (*Doc. 91* at 5) but do not set forth any argument with regard to these requests nor do they provide the court with a copy of the requests and responses to Nos. 4 and 9 as required by D.N.M.LR-Civ. 37.1.  The Court, therefore, presumes that any issues with respect to Request No. 4 and 9 have been resolved.

interrogatory does not excuse Plaintiffs from fully responding to a proper discovery request.  *But see* Fed. R. Civ. P. 33(d) (business records may be produced in lieu of answering an interrogatory  if the responding party refers to such documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"); *see also Johnson v. Kraft Foods N. Am., Inc.,* 236 F.R.D. 535, 545 (D. Kan. 2006).

Plaintiff Pettine also failed to provide a signed medical records release as required by our local rules when the physical or mental medical condition of a party is an issue.  D.N.M.LR-Civ. 26.3(d).  Contrary to Plaintiffs' position, Defendants were under no obligation to request a signed medical records release.  Rather, our Local Rules automatically require the production of a signed medical records release as an initial disclosure by a party who has put his or her physical and mental medical condition at issue. *See, e.g., Doc. 50* at p.7, ¶ 31, p. 10, ¶ 56.  Therefore, Plaintiff Pettine must execute the required medical records release as well as fully provide the requested information as to her health care providers.

Unlike the medical records release, Pettine was under no obligation to automatically produce executed education and employment releases.  Because Defendants concede that they did not specifically request the production of executed releases in an interrogatory or request for production, Plaintiff Pettine was not presented with an opportunity to object.  Therefore, she will not be required to execute any education and employment releases.

Accordingly, the Court will require that Plaintiff Pettine, once again, supplement her discovery responses to Interrogatory Nos. 10 and 15 with addresses and telephone

numbers of each person or entity listed in response to that Interrogatory.  Further, Pettine will execute a medical records release for five years prior to the date of the incident complained of and produce it to Defendants within five (5) days of the entry of this order in accordance with D.N.M.LR-Civ. 26.3.  Defendants will then have sixty (60) days from the date they receive the executed medical records release to conduct discovery with regard to the medical records, including re-deposing Pettine, and taking depositions of health care providers identified.

b.  Defendants' Second Set of Discovery Requests to Plaintiff

Defendants maintain that Plaintiff's expert's report "is deficient in that it fails to provide the factual basis for his conclusions and opinions." *Doc. 104* at 11.  On that basis, Defendants ask the Court to compel responses to Interrogatory Nos. 1, 3, 4 and 9 of the second set of discovery requests and require that Plaintiffs' expert supplement his report so that they may "learn" how the expert's opinions "may have been altered after viewing the Public Service Aide's dash cam video or belt recorder." *Id. at 10.*  Plaintiffs respond that they never represented that their expert had reviewed the belt tape recorder or dash cam or that their expert had prepared a supplemental report.

Defendants argue that Fed. R. Civ. P. 26(e)(1) requires supplementation of the expert's report to remedy the alleged deficiencies.  That may well be, but here Defendants seek some kind of supplementation via responses to interrogatories.  The Court is unaware of any authority to order such relief.  If Defendants are correct and Plaintiffs fail to provide expert supplementation when required by the rules of procedure, Defendants are not without avenues for recourse.  This Court is often called upon to

exclude expert testimony where the expert's report or required supplementation is deficient.

2.  Defendants' Motion to Strike and Plaintiff's Motion to File Surreply

In their Motion to Strike, Defendants ask the Court to strike the medical records produced after June 21, 2013, Plaintiffs' expert Edward Mamet and his report, and Pettine's treating health care providers, including Mary Baca, Samuel Roll, Dr. Porterfield, Jane Levy, Maureen Pelikoff, and Bob Galligan.   In light of the rulings above, however, Defendants will have the opportunity to conduct discovery with regard to Plaintiffs' health care providers.  Therefore, the Court will deny as moot Defendants' Motion to Strike and Plaintiffs' Motion to File Surreply.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE