IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
and ANDRE GALLEGOS,

      Plaintiffs,

   -vs-                                                        No. Civ. 12-0224 LH/KBM

CITY OF ESPANOLA, a municipal corporation;
JOE MARTINEZ, individually and in his official
capacity; JEREMY APODACA, individually and in
his official capacity; ROBERT VIGIL, individually
and in his official capacity; CITY OF ESPANOLA
OFFICERS and SUPERVISORS JOHN DOES 1
through 10, individually and in his official
capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Defendants' Motion to Bifurcate (ECF No. 100), filed September 24, 2013. The Court, having reviewed the Motion, Defendants' Supporting Memorandum, and the applicable law, and otherwise being fully advised, finds the Motion is well taken and it will be **granted**.

      Defendants move to bifurcate Plaintiffs' claims against the City of Espanola, Police Chief Joe Martinez, and John Does 1 through 10. Defendants argue that severance would avoid prejudice to Officers Apodaca and Vigil, expedite the trial, avoid possibly unnecessary litigation

for the City and Chief Martinez, and be in the interests of judicial economy. Although Plaintiffs did not concur in the Motion, they did not file a responsive brief.

Pursuant to Federal Rule of Civil Procedure 42(b), the Court, "[f]or convenience, to avoid prejudice, or to expedite and economize, . . . may order a separate trial of one or more separate issues [or] claims." Bifurcation, then, "is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). A court abuses this discretion, however, if bifurcation "is unfair or prejudicial to a party." *Id.*

The Local Rules of the District of New Mexico, provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Thus, the Court may infer Plaintiffs' concurrence with Defendants' Motion from their failure to respond. Additionally, the Court finds that bifurcation of any municipality liability claims will avoid possible prejudice to Officers Apodaca and Vigil and may result in a more expeditious trial, thus serving the aim judicial economy. Furthermore, these claims clearly are severable, as a plaintiff must establish that he or she has suffered the violation of a federally protected right as a predicate to establishing municipal and/or supervisory liability. *See Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.")). Finally, the Court does not believe granting the Motion would be unfair or prejudicial to Plaintiffs and they have not so argued.

WHEREFORE,

**IT IS HERBY ORDERED** that Defendants' Motion to Bifurcate (ECF No. 100), filed September 24, 2013, is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**