# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
and ANDRE GALLEGOS,

        Plaintiffs,

      -vs-                              No. Civ. 12-0224 LH/KBM

CITY OF ESPANOLA, a municipal corporation;
JOE MARTINEZ, individually and in his official
capacity; JEREMY APODACA, individually and in
his official capacity; ROBERT VIGIL, individually
and in his official capacity; CITY OF ESPANOLA
OFFICERS and SUPERVISORS JOHN DOES 1
through 10, individually and in his official
capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Partial Summary

Judgment Against Plaintiff Kristian Pettine on Qualified Immunity Grounds (ECF No. 139) and

Defendants' Motion for Partial Summary Judgment Against Plaintiff Antonio Gallegos on

Qualified Immunity Grounds (ECF No. 141), both filed August 29, 2014.  The Court, having

reviewed the Motions, the accompanying memoranda, and the applicable law, and otherwise

being fully advised, finds the Motions are not well taken and they will be **denied**.

      The factual background from which this suit stems was set forth, to the extent possible, in

the Court's Memorandum Opinion and Order (ECF No. 133), entered June 24, 2014, in which

Plaintiffs' Motion for Partial Summary Judgment was denied.  As the Court then noted, "many, if not most, of the material facts in this matter are disputed," *id.* at 11; the posture of the case has not changed in the intervening months.

Defendants now move for qualified immunity on both Plaintiffs' claims of unlawful arrest and seizure and on Mr. Gallegos's claim of excessive force.  With regard to Ms. Pettine, Defendants first assert that their investigatory or *Terry* stop involving Ms. Pettine was supported by reasonable suspicion.  The difficulty the Court has in analyzing this claim, however, goes to the aforementioned factual disputes that predominate in this matter.  While Defendants argue that Ms. Pettine was briefly detained to preserve the status quo upon Officer Apodaca's arrival at the scene in response to a "911" call involving an alleged aggravated assault, Ms. Pettine claims that she was not even present then and did not encounter the officers until sometime later, after they tased Mr. Gallegos.  While the Court must deny Defendants qualified immunity on the alleged *Terry* stop, it will take this opportunity to express its doubts whether Ms. Pettine can pursue such a claim against the officers, given her current version of the events.

Defendants also maintain that they are entitled to qualified immunity regarding Ms. Pettine's arrest, citing to her alleged intoxication, combativeness, and uncooperativeness as they attempted to restrain Mr. Gallegos.  As they concede in their reply, however, Ms. Pettine raises genuine issues of material fact as to whether she was intoxicated and whether she interfered in the arrest of Mr. Gallegos.  While Defendants complain that the filing of their Motion for Partial Summary Judgment has been prejudiced by the fact that Ms. Pettine's deposition testimony contradicted her allegations in the Third Amended Complaint ("Complaint"), this disparity was

well-known to them long before they filed this Motion.   The Court must deny Defendant's Motion regarding the arrest of Ms. Pettine.

In their second Motion, Defendants contend that the officers had reasonable suspicion to briefly detain Mr. Gallegos in order to investigate the alleged aggravated assault reported in the "911" call and that they acted within their discretion by detaining him in order to maintain the status quo.   Defendants also maintain that they had probable cause to arrest Mr. Gallegos for battery on a peace officer and for obstructing an officer, because he allegedly shoved Officer Vigil, unilaterally determined that there was nothing more for them to investigate, instructed the officers to leave his property, and attempted to re-enter his home when instructed by them to not do so.   Finally, Defendants argue they are entitled to qualified immunity on Mr. Gallegos's claim of excessive force in use of the taser, alleging, among other circumstances, that Mr. Gallegos informed the officers that there were guns in his house, he was intoxicated and belligerent and hostile toward them, and he refused their commands to not reenter his home.

The Court takes notice that in their reply Defendants do not address the charge of battery on a police officer, apparently acknowledging Mr. Gallegos's assertion that he did not shove Officer Vigil.   Defendants also concede that Mr. Gallegos has raised genuine issues of material fact regarding the excessive force claim, insisting, however, that they have been prejudiced by the fact that Mr. Gallegos's deposition testimony contradicted his allegations in the Complaint. Again, Defendants were aware of Mr. Gallegos's deposition testimony before they filed this Motion.   Regardless, as the Court must consider the totality of the circumstances in reviewing a *Terry* stop, an arrest, and a use of excessive force claim, and the circumstances here clearly are contested, the Court must deny the Motion in its entirety.

3

WHEREFORE,

**IT IS HERBY ORDERED** that Defendants' Motion for Partial Summary Judgment Against Plaintiff Kristian Pettine on Qualified Immunity Grounds (ECF No. 139) and Defendants' Motion for Partial Summary Judgment Against Plaintiff Antonio Gallegos on Qualified Immunity Grounds (ECF No. 141), both filed August 29, 2014, are **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

4