IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
ANDRE GALLEGOS, and K. L. P. L., a minor child,

        Plaintiffs,

vs.                                                Case No. 1:12-CV-224-LH/KBM

CITY OF ESPAÑOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS JOHN DOES 1 through 10,
individually and in their official capacities.

        Defendants.

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
UNDISCLOSED WITNESSES AND EXHIBITS
FROM THE TRIAL IN THIS MATTER**

**INTRODUCTION**

Defendants have listed witnesses they may and will call for the trial in this matter. Included in their Witness List [*Doc.156*] are Witnesses that were not disclosed by the Defendants. The undisclosed witnesses are:

    e. Carmella Scarella
    f. Antonio Londono
    g. Petra Gutierrez
    j. Officer Charles Laramie
    k. Officer John Miles
    l. Officer Jeramie Bisagna
    o. Jacqueline Cordova
    p. Sergeant Jeff Martinez

Plaintiffs submitted Interrogatories and Request for Production of Documents to the City of Espanola [*Exhibit 1*]; Defendant Robert Vigil [*Exhibit 2*]; Defendant Joe Martinez [*Exhibit 3*]; and Defendant Jeremy Apodaca [*Exhibit 4*]. Plaintiffs asked the City of Espanola, Robert Vigil and Jeremy Apodaca to [s]tate the name, address, and business telephone number of each person <u>with personal knowledge regarding the facts and circumstances surrounding the happening of the occurrences referenced in the second amended complaint</u>. Plaintiffs also asked for the names and addresses of all persons who were present … and observed or witnessed the incident. See, respectively, *Exhibit 1,* pg.2, Interrogatory No. 2; *Exhibit 2,* pg.2, and Interrogatory No. 4; *Exhibit 2,* pg.2, Interrogatory No. 4. In each of the Defendants' answers they referenced the Joint Status Report and Provisional Discovery Plan [*Doc.17*] on pages 12-13 and their Initial Disclosures [*Exhibit 5*, pgs. 3-4]. Neither the JSR or the Defendants' Initial Disclosures disclose the witnesses that Defendants have included in their Witness List as referenced above.

Defendants have listed in their Exhibit List [*Doc.155*] exhibits that were not disclosed in Defendants' discovery responses. The undisclosed exhibits are:

    J. Minute Order adopting 11/29/11 Report of Beth Roth, Ph.D.;
    K. Minute Order and Order of Protection dated 3/7/13;
    M. Plaintiffs' Third Amended Complaint;
    N. Santa Fe Police Department Narrative in Case No. D-101-CR-2014-00287 – Antonio Gallegos;
    O. Grand Jury Indictment in Case No. D-101-CR-2014-00287;
    P. Case Detail Sheet in Case No. D-101-CR-2014-00287;

Plaintiffs' Interrogatories and Request for Production of Documents asks the Defendants to state and describe in detail all evidence including documents, affidavits and/or statements … you intend to rely or submit at the trial in this matter. [*Exhibit 1*, pg.2, Interrog. No. 3]. Plaintiffs asked for any and all material identified in answer to interrogatories served upon YOU. [*Exhibit 1*, pg.9, Request. No. 1]. Request No. 2 asks for the production of any and all materials used or

relied upon in preparing answers to interrogatories. [*Exhibit 1*, pg.10, Request No. 2].  Any and all written memoranda, reports, correspondence, documents, photographs, video or audio tapes, or other writtings or recordings related in any way to all incidents described in the second amended complaint and the list specific items a through h. [*Exhibit 1*, pgs.10-11, Request No. 4]. Finally, Plaintiffs requested any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial. [*Exhibit 1*, pg15, Request No. 16].

Identical Requests were made of Defendant Robert Vigil. [See, *Exhibit 2*, pg.9, Request No. 1 (materials identified in interrogatories); Request No. 2 (materials relied upon in answering Interrogatories); Request No. 3 (witnesses); and Request No. 12 (produce all trial exhibits)].

Request from the Defendant Joe Martinez asks to produce all trial exhibits. [*Exhibit 3*, pg.9, Request No.16].

Request from the Defendant Jeremy Apodaca identical materials.  [*Exhibit 4*, pg.2, Interrog. No. 4 (names and addresses of all persons present); Request No. 1, pg.8 (materials identified in interrogatories); Request No. 2, pg.8 (materials relied upon in answering Interrogatories); Request No. 3, pg.9 (witnesses); and Request No. 12, pg.11 (produce all trial exhibits)].

In each of the Defendants' answers or responses they referenced the Joint Status Report and Provisional Discovery Plan [*Doc.17*] on  pages 12-13 and their Initial Disclosures [*Exhibit 5*, pgs. 3-4].  Neither the JSR or the Defendants' Initial Disclosures disclose the exhibits that Defendants have included in their Exhibit List as referenced above.  With respect to each Request  which asks for any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial.  The Defendants stated that "[a] determination is  still

being made regarding exhibits." However, Defendants never changes or supplement their responses.

Plaintiffs are entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." This standard is followed in both state and federal court. NMRA, Rule 1-026 B(1) and Fed.R.Civ.P. 26(b)(1). The relevance standard "has been broadly construed to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); *Centurion Industries, Inc. v. Warren Steurer & Assoc*., 665 F.2d 323, 326 (10th Cir. 1981) (relevancy is interpreted more broadly during discovery than at trial). Courts view discovery requests with the liberality contemplated by the federal rules which are designed, in part to "[m]ake a trial less a game of a blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

"For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests." *ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995). It is well-recognized that complete and accurate responses to discovery are imperative to the functioning of the modern trial process. See *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1346 (5th Cir. 1978) (*quoting Dollar v. Long Mfg*., N.C., 561 F.2d 613, 616 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)) ("It is axiomatic that '[d]iscovery by interrogatory requires candor in responding.'"). This rule has a simple but important purpose, namely to prevent trial by ambush. See *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).

Federal Rule of Civil 33(b)(1) states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1).

For these reasons Plaintiffs request an Order in Limine prohibiting Defendants from calling undisclosed witnesses and undisclosed Exhibits.

Submitted by:

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins
NEW MEXICO FIRM, LLC
103 N. St. Francis Drive, Unit A
Santa Fe, NM 87501
Phone: (505) 988-9750
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the above named counsel to be served by electronic means:

/s/Nathaniel V. Thompkins
Nathaniel V. Thompkins