UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

## Clerk's Minutes

## Before the Honorable C. LeRoy Hansen

**CASE NO.**  Civ. 12-0224 LH/KBM                          **DATE:** November 18, 2014

**TITLE:**  GALLEGOS v. CITY OF ESPANOLA

**COURTROOM CLERK:** Nancy Ackermann            **COURT REPORTER:** John De La Rosa

**COURT IN SESSION:** 10:00 a.m.                              **COURT IN RECESS:** 1:22 p.m.

**TYPE OF PROCEEDING:** Pretrial Conference

**Time in Court:** 3 hr 12 min's

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**         **ATTORNEYS PRESENT FOR DEFENDANT(S):**

  Nathaniel V. Thompkins                                                Joseph Romero

**PROCEEDINGS:**

Court in session at 10:00 a.m.

Court announces case.  Counsel state their appearances.  Mr. Romero informs the Court that he will be first chair for the trial and Mr. Basham will assist.

Court asks Mr. Thompkins to state Plaintiffs' causes of action.

Court discusses Statement of the Case.  Plaintiffs' statement is an argument.  Mr. Romero offers the Defendants' Statement of the Case.

Court discusses voir dire process.

Court notes that both parties have offered an argument as the statement of the case.

Court discusses bifurcation of municipal liability of the case.  Court discusses Count V of the complaint against the City; inquires who will testify to policies, customs of the City.  Mr. Thompkins informs Court that Chief Martinez will testify and Plaintiffs' expert.  Court notes that Plaintiffs' expert is not listed as a witness.  Mr. Thompkins states that he misunderstood the bifurcation Order.

Court inquires as to claims of negligent hiring and training.

Mr. Romero addresses the Court.

10:25 a.m.  Court addresses Plaintiffs' Witnesses with Mr. Thompkins.  Discussion of Jason Garcia.  Court inquires whether claims of taking of child belong to child, rather than mother.  Mr. Thompkins discusses parental rights.  Court addresses the issue of taking the child; notes that Plaintiffs appear to be attempting to relitigate child custody.  Mr. Thompkins says that Plaintiffs are not trying to litigate subsequent custody.

Court inquires as to further witnesses.  Additional discussion of the issue of the child.

Court will not allow the claim that Ms. Pettine's constitutional rights were violated when the police picked up her child.

Mr. Thompkins inquires as to entry of and search of the home without probable cause or warrant.

10:52 a.m.  Mr. Thompkins discusses Officer Apodaca; discusses Chief Martinez and policy and practice claims; Brian Romero and photographic evidence.

11:04 a.m.  Plaintiffs withdraw witness Matt Torres and Records custodians.

Mr. Romero states that Beth Roth is listed as a defense witness.

Mr. Thompkins discusses Dr. Roll; he is to testify as to whether Ms. Pettine could care for her child.  Dr. Shah will testify that Ms. Pettine suffered from PTSD and was on his prescribed medications the day of the event and the medications might have made her appear intoxicated.  Court inquires whether Dr. Shah would testify to a medical certainty.

11:15 a.m.  Mr. Thompkins discusses Stephanie Martinez.

Court addresses Defense witnesses.  Ms. Scarcella met with Ms. Pettine while she was in custody.  Mr. Londono probably now not necessary; Petra Gutierrez withdrawn; Officers Laramie, Miles, and Bisagna to rebut emotional distress damages; Brian Romero was there, no longer employee and may be difficult to contact to testify; Officer Madrid; Sergeant Jeff Martinez a "May Call," he "policed" the scene afterwards.

11:29 a.m.  Court addresses Plaintiffs' exhibits with Mr. Thompkins.  Ex. 2 – Mr. Romero explains that Defendants have cooperated with Plaintiffs and are not objecting, although hearsay.  The Court excludes Plaintiffs' Exs. 9, 14, 15, 16, 17, 18.

Ex. 19, Medical Records - Dr. Shah was treating Ms. Pettine for PTSD and condition following arrest; he will not say that medications were necessary because of her arrest.  Court inquires again about Dr. Shah's testimony.  Mr. Romero doesn't object, understood went to losing child, but understands now his testimony goes to whether Ms. Pettine was intoxicated.  Court inquires whether she was taking these medications at time of incident.  Mr. Thompkins confirms that she was . . . and that Dr. Shah will testify that these medications were reasonable and necessary because of the incident in July of 2010.  Court will allow him to testify about whether the medications were reasonable and necessary because of the 2010 event – Dr. Shah will have to so testify in order to have Ex. 19 admitted.

12:05 p.m.  Court inquires about Exhibits 20-22.  Mr. Thompkins will use to impeach the

witnesses. Court allows their use at trial, but reserves ruling on their admissibility.

Court inquires as to use of depositions. Mr. Thompkins states that they are admissions by Defendants for use as impeachment.

12:18 p.m. Court addresses Defendants' exhibits. Ex. A, admitted. Defense withdraws Ex. B regarding Jason Garcia and Steven Marquez – otherwise admitted. Court admits Exs. C, D, E, and F, so long as hearsay issues addressed. Ex. G, Plaintiffs' object to chain of custody, overruled, admitted. Ex. H, Plaintiffs' now object, Defendant not sure relevant, admitted. Ex I, J, and K withdrawn; Ex. L withdrawn. Ex. M. is for impeachment, not verified, not admitted. Ex. N goes to rebut emotional distress damages caused by police encounter; Court finds that can be marked to use for impeachment purposes, but will not be introduced into evidence – same for Exs. O and P.

12:42 p.m. Court in recess.
***
12:52 p.m. Court is in session.

Mr. Thompkins discusses his Motion in Limine to Exclude Witnesses and Exhibits. Mr. Romero responds. Court excludes Ms. Scarcella and Sgt. Jeff Martinez. Discussion of exhibits.

Plaintiffs' Motion in Limine regarding criminal charges and arrest records, Court reserves ruling.

Plaintiffs' Motion in Limine regarding "placing lives on the line" – Court will reserve ruling until hears the evidence, as this goes to argument.

Mr. Romero objects to deposition designations and discusses testimony that can go to bifurcated trial. Court discusses bifurcation procedure.

Court discusses trial procedure.

Mr. Thompkins requests that Mr, Mamet be allowed to be listed as a witness for the municipal liability portion of the trial. Defense objects. Mr. Thompkins discusses Mr. Mamet's possible testimony. Mr. Romero addresses the Court. Court reserves ruling on whether Mr. Mamet may be presented in the second part of the case. Court notes that causation will be at issue in its decision.

Defendants Motion in Limine regarding prior settlement agreement is GRANTED.

Court inquires as to length of trial. Court informs counsel that it does not allow witnesses to testify twice.

Court is in recess at 1:22 p.m.

*******************************************************************************