## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO


ANTONIO GALLEGOS, KRISTIAN PETTINE,
and ANDRE GALLEGOS,

      Plaintiffs,

  -vs-                                                                No. Civ. 12-0224 LH/KBM

CITY OF ESPANOLA, a municipal corporation;
JOE MARTINEZ, individually and in his official
capacity; JEREMY APODACA, individually and in
his official capacity; ROBERT VIGIL, individually
and in his official capacity; CITY OF ESPANOLA
OFFICERS and SUPERVISORS JOHN DOES 1
through 10, individually and in their official
capacities,

      Defendants.


## ORDER

    **THIS MATTER** came before the Court following a Pretrial Conference held on November 18, 2014. Having addressed the pretrial issues on the record in Open Court, the Court makes the following rulings.

    Subsequent child custody proceedings are not relevant to this case and there will be no testimony, evidence, or argument presented regarding the custody of K.L.P.L.

    The Court reserves ruling on the admissibility of evidence of other criminal matters involving Plaintiff Antonio Gallegos, which is proposed by Defendants only for use regarding the issue of emotional distress damages.

The following witnesses for Plaintiffs are excluded: Matt Torres, all of the listed Records Custodians, and Dr. Samuel Roll. The following witnesses for Defendants are excluded: Carmella Scarcella, Antonio Londono, Petra Gutierrez, Officer Charles Laramie, Officer John Miles, Officer Jeramie Bisagna, Jacqueline Cordova, and Sergeant Jeff Martinez.

The following exhibits for Plaintiffs are excluded: 9, 14, 15, 16, 17, and 18. The Court reserves ruling on the admissibility of exhibits 20, 21, and 22. The following exhibits for Defendants are admitted: A, B (except the forms for Steven Marquez and Jason Garcia), G, and H; and exhibits C, D, E, and F, subject to hearsay issues being addressed. Defendants' exhibits B (only forms for Steven Marquez and Jason Garcia), I, J, K, L, and M are excluded. Defendants' exhibits N, O, and P will not be admitted, but may be marked and might be used for impeachment concerning Plaintiffs' emotional distress damages, pending the Court's future determination on that issue.

Plaintiffs' Motion in Limine to Exclude Admission of Evidence of Criminal Charges and Arrest Records for the Trial in this Matter (ECF No. 160) is TAKEN UNDER ADVISEMENT.

Plaintiffs' Motion in Limine to Exclude Undisclosed Witnesses and Exhibits from the Trial in this Matter (ECF No. 161) is GRANTED IN PART AND DENIED IN PART.

Plaintiffs' Motion in Limine to Preclude Any Testimony and Argument to the Effect that Police Officers Place Their Lives on the Line (ECF No. 162) is TAKEN UNDER ADVISEMENT.

Defendants' Motion in Limine to Exclude Evidence and Testimony of Prior Settlement Agreement (ECF No. 154) is GRANTED.

No later than Wednesday, December 3, 2014, Plaintiffs may supplement their Witness List to include their expert, Edward Mamet, for possible testimony regarding any municipal

liability claims, which claims have been bifurcated from those asserted against Officers Apodaca and Vigil. Defendants may file any objections no later than Monday, December 8, 2014.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**