IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS, KRISTIAN PETTINE,
ANDRE GALLEGOS, and K. L. P. L., a minor child,

        Plaintiffs,

vs.                                             Case No. 1:12-CV-224-LH/KBM

CITY OF ESPAÑOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS JOHN DOES 1 through 10,
individually and in their official capacities.

        Defendants.

## PLANTIFFS' COUNSEL'S REPLY TO BOTH
## KRISTIAN PETTINE GALLEGOS AND ANTONIO GALLEGO'S
## RESPECTIVE RESPONSES TO PLAINTIFF'S MOTION TO WITHDRAW

**COME NOW,** counsel for the Plaintiffs, the New Mexico Firm and for the Firm's Reply to both Kristian Pettine [*Doc.*219] and Antonio Gallegos [*Doc.*218], respective, Responses in Opposition to Counsel's First Amended Motion to Withdraw, states as follows:

1. Both Plaintiffs falsely allege that there was no "restraining order issued". Contrary to Plaintiffs' false statements is Exhibit A to Counsel's Motion. Exhibit A contains the Temporary Restraining Order and Order to Appear that was issued against Antonio Gallegos on November 18, 2014. [See, [*Doc.*200, Exhibit A]. The Order was issued based upon Ms. Pettine's sworn statement in her Petition for Order of Protection from Domestic Abuse that, "***I state that the contents thereof are true and correct to the best of my information and belief.***" [See, *Doc.* 200, Exhibit A, pg.6, "Verification"]. The Special Commission marked the box on the Temporary Order which states that "I have reviewed the petition for an order of protection and

made recommendations to the district judge regarding its disposition. The Temporary Order was then signed by District Court Judge Deborah Davis Walker before it was issued. [See, *Doc.*200, Exhibit A, pg.6, "So Ordered"]. Plaintiffs' allegations and the true facts place Ms. Pettine in the position of having committed perjury. The relevant statute, NMSA 1978, § 30-25-1 reads in pertinent part: "Perjury consists of making a false statement under oath or affirmation, material to the issue or matter involved in the course of any judicial … proceeding, knowing such statement to be untrue." See, *State v. Naranjo*, 611 P.2d 1107, 94 N.M. 413 (Ct. App., 1979).

2. In order for the Court to accept the Plaintiffs' arguments as being true they would have to find that Ms. Pettine committed perjury in the filing of her Petition for Order of Protection. In order for the Court to accept Plaintiffs' argument that "there is no conflict between them", the Court would have to find again that Ms. Pettine committed perjury.

3. In Ms. Pettine's Petition for Order of Protection from Domestic Abuse she alleges that incidents of domestic violence occurred in August 2014 and October 2014. However, the Petition asks Ms. Pettine, "[h]as there been prior domestic violence?" Ms. Pettine marked the box, "Yes". However, when counsel asked Ms. Pettine about her answer she stated that her answer refers to the August 2014 incident in which Mr. Gallegos pulled her hair and that there were no other incidents. In light of Ms. Pettine's deposition in this matter, her to her answer counsel was false. Ms. Pettine testified that during a SWAT incident in June 2013, Mr. Gallegos committed domestic violence against her three times by pulling her hair. [See Exhibit B, Pettine Depo., pg.8, lns.22-25; and pg.71, lns.3-20].

4. Counsel for Plaintiffs, in light of Plaintiffs' respective Responses and the representations made by Ms. Pettine to her counsel, is required under Rule 2-110(B) to mandatorily withdraw from this case. The Rule provides:

> "(B) mandatory withdrawal. A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment ... if:
>
> (2) <u>he knows or it is obvious that his continued employment will result in violation of a disciplinary rule</u>."

Further, Rule 7-102(A) of the New Mexico Code of Professional Responsibility provides:

> (A) in his representation of a client, a lawyer <u>shall not</u>: * * *
>
>     (4) <u>knowingly use perjured testimony or false evidence</u>;
>
>     (5) knowingly make a false statement of law or fact;
>
>     (6) <u>participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false</u>;
>
>     (7) counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

Rule 3.3 Candor toward the Tribunal provides:

> (a) A lawyer <u>shall not knowingly</u>: * * *
>
>     (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures. * * * (c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

Finally, Rule 7-101(B) provides:

> (B) In his representation of a client, a lawyer may:
>
>     (2) <u>refuse to aid or participate in conduct that he believes to be unlawful</u>, even though there is some support for an argument that the conduct is legal.

In light of the Response filed by the Plaintiff, Antonio Gallegos, along with the telephone call that counsel received from the Plaintiff, Kristian Pettine, counsel must mandatorily withdraw from this case.

    5.    Regarding Plaintiff's allegation at paragraph # 5, the allegation is irrelevant to the requirements that Counsel mandatorily withdraw from the case.

**WHEREFORE,** counsel for Plaintiffs respectfully requests that the Court grant the Amended Motion to Withdraw.

Dated: February 5, 2015

        Respectfully Submitted:

        **NEW MEXICO FIRM, LLC**

        By:    /s/ Nathaniel V. Thompkins
                 Nathaniel V. Thompkins
                 103 N. St. Francis Drive, Unit A
                 Santa Fe, NM 87501
                 (505) 988-9750
                 *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    E-mail: *mbasham@bbpcnm.com*
    Mark Basham
    2205 Miguel Chavez Road, Suite A
    Santa Fe, NM 87505
    *Attorneys for Defendants*

Counsel mailed, postage pre-paid, a copy of this Reply to both Ms. Pettine and Mr. Gallegos at the following addresses:

| Kristian Pettine | and | Antonio Gallegos |
|---|---|---|
| 2111 Calle Ensenada | | 2111 Calle Ensenada |
| Santa Fe, NM 87505-5411 | | Santa Fe, NM 87505-5411 |

/s/ Nathaniel V. Thompkins
Nathaniel V. Thompkins