# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ANTONIO GALLEGOS**, and
**KRISTIAN PETTINE**,

Plaintiffs,

v.   No. 12-CV-224 JAP/KBM

**CITY OF ESPAÑOLA**, a municipal corporation;
**JOE MARTINEZ**, individually and in his official
capacity; **JEREMY APODACA**, individually and in
his official capacity; **ROBERT VIGIL**, individually
and in his official capacity; **CITY OF ESPAÑOLA
OFFICERS** and **SUPERVISORS JOHN DOES** 1
through 10, individually and in their official
capacities,

Defendants.

## MEMORANDUM OPINION AND ORDER

On October 31, 2014, Plaintiffs filed a FIRST MOTION IN LIMINE TO EXCLUDE CRIMINAL RECORDS, ARRESTS, CHARGES ETC. (Doc. No. 160) (First Motion in Limine) and a FOURTH MOTION IN LIMINE EXCLUDING TESTIMONY & ARGUMENT REGARDING LINE OF DUTY (Doc. No. 162) (Fourth Motion in Limine).[1] On November 7, 2014, Defendants filed responses to each motion. *See* Doc. Nos. 173 & 174. On November 16, 2014, Plaintiffs filed replies to Defendants' responses. *See* Doc. Nos. 184 & 188. The Court will deny the First and grant the Fourth Motion in Limine.

## BACKGROUND

At 12:46 P.M. on July 31, 2010, Alfonso Gurule called the police to report an aggravated assault. The police dispatcher contacted Officer Jeremy Apodaca and related what Gurule had told the dispatcher: that Gurule had been assaulted by a man named Estevan, who was armed;

---

[1] Plaintiff's THIRD MOTION IN LIMINE UNDISCLOSED WITNESSES & EXHIBIT LISTS (Doc. No. 161) was previously granted in part and denied in part. *See* ORDER, Doc. No. 193.

and that Estevan had left the scene with a black handgun and was walking toward the Northern New Mexico Community College campus. Officer Apodaca made his way to the scene by way of the route Estevan was allegedly traveling; Officer Apodaca did not observe anyone matching Estevan's description.

Officer Apodaca was dispatched to a mobile home where Plaintiff Antonio Gallegos conducted a mobile home sales business. Gallegos also used the location as a residence. Officer Apodaca (along with Officer Robert Vigil, who was called on to assist Apodaca), encountered a number of people: Mr. Gallegos, Plaintiff Kristian Pettine, Ms. Pettine's two-year-old daughter KL, Andre Gallegos, Antonio Gallegos's seventeen-year-old son, Alfonso Gurule, Stephen Marquez, and Jason Garcia. Estevan (also Antonio Gallegos's son), was nowhere to be found.

The encounter lasted an hour and concluded with Officer Apodaca using his Taser at least once to "dry stun" Antonio Gallegos. Additional police arrived at the scene, and everyone present was arrested. Antonio Gallegos was charged with battery on a peace officer and resisting, evading, or obstructing an officer. Kristian Pettine was charged with resisting, evading, or obstructing an officer. KL was taken by ambulance to the Española Hospital and put under a forty-eight hour hold by a Children, Youth, and Family Department ("CYFD") case worker. Messrs. Gurule, Marquez, and Garcia were put under an eight-hour "detox" hold. Andre Gallegos was taken to the Española Detention Center with his father, Mr. Gallegos, and with Ms. Pettine, but was ultimately released to a family friend.

Plaintiffs filed this lawsuit on March 5, 2012. In their Third Amended Complaint ("Complaint") (ECF No. 50), filed May 5, 2013, Plaintiffs assert a number of claims against the named defendants. The Complaint alleges that Defendants caused Plaintiffs damages arising from the violation of their constitutional rights, physical pain and suffering, "emotional trauma

and suffering" and associated medical expenses, and attorneys' fees, costs, and other expenses. Complaint ¶ 31.

The Complaint fails to set out with clarity the specific cause of action or provisions of law that justify relief under each count. For example, Count I is titled "42 U.S.C. § 1983 against Individual Defendants" and claims damages "for violations of [Plaintiffs'] constitutional rights under color of law" by Officers Apodaca, Vigil, and the Chief of Española Police Joe Martinez. Complaint ¶¶ 43–44. Count II asserts State law claims for assault and battery against the individually-named Defendants. Count III asserts a claim for excessive force under the Fourth Amendment against Defendants Apodaca and Vigil. Count IV asserts claims for false imprisonment against Defendants Apodaca and Vigil. Count V asserts a claim for municipal liability against Defendant City of Española, alleging that the individual Defendants' conduct was the result of a policy or practice of deliberate indifference to the constitutional rights of persons in Española, New Mexico. *See* Complaint ¶¶ 62–63. Count VI asserts a claim for malicious prosecution against the City of Española. Count VII asserts a claim for "punitive damages" against Defendants Apodaca and Vigil for allegedly intentionally violating Plaintiffs' constitutional rights.

## PLAINTIFFS' MOTION IN LIMINE

### (A) Plaintiffs' First Motion in Limine (Doc. No. 160)

Two motions in limine are pending before the Court. In Plaintiffs' First Motion in Limine, Plaintiffs ask the Court to exclude evidence of "the arrest records, court records and criminal charges filed against the Plaintiff Antonio Gallegos both before and after the incident that occurred on July 31, 2010." First Motion in Limine at 1. Plaintiffs contend that this evidence is being offered as evidence of character "in order to show that on a particular occasion" (i.e.,

July 31, 2010) Plaintiff Antonio Gallegos "acted in accordance with the character." *Id.* (quoting Fed. R. Evid. 404(b)).

Plaintiffs make a more specific argument with respect to Plaintiff Antonio Gallegos's criminal convictions for driving while intoxicated (DWI). With respect to these convictions, Plaintiffs contend that the convictions are irrelevant to the claims and defenses at issue in this case. Plaintiffs further contend that even if the convictions are relevant, the probative value of the convictions is substantially outweighed by the convictions' unfair prejudicial effect. First Motion in Limine at 2.

Defendants respond that because Plaintiffs seek damages for emotional distress, evidence of Plaintiff Antonio Gallegos's criminal conduct both before and after the July 31, 2010 incident is relevant and admissible to prove that Defendants were not the proximate cause of Plaintiffs' emotional distress damages. *See* Doc. No. 173 at 1–2. Plaintiffs reply that Defendants have failed to make a sufficiently precise showing of a non-propensity reason for offering the evidence, and that the probative value of the evidence is not substantially outweighed by its unfairly prejudicial effect. Plaintiffs also contend that Defendants' failure to offer a limiting instruction provides an additional basis for granting the First Motion in Limine. *See* Doc. No. 184 at 2.

None of these replies is persuasive. Defendants have put forward a proper purpose for offering the evidence: showing that Defendants did not cause Plaintiffs' claimed injuries. Plaintiffs' second reply mischaracterizes Rule 403. Rule 403 provides for the exclusion of otherwise relevant evidence when the evidence's prejudicial effect substantially outweighs its probative value. *See* Fed. R. Evid. 403. After the offering party shows that some evidence is relevant, it is the resisting party's burden to show that prejudice substantially outweighs the evidence's probative value. *Jonas v. Board of Comm'rs of Luna Cnty*, 699 F.Supp.2d 1284, 1292

4

(D.N.M. 2010). The resisting party likewise bears the burden of furnishing a limiting instruction once the court determines that it will admit evidence under Rule 404(b). *United States v. Jefferson*, 925 F.2d 1242, 1258–59 (10th Cir. 1992).

The Court concludes that evidence of Antonio Gallegos's criminal acts is relevant and may be properly offered to show Defendants were not the proximate cause of Plaintiffs' claim of damages for emotional distress. The Court will therefore deny the motion. Plaintiffs may request a limiting instruction in order to inform the jury that these acts are only offered to show that Plaintiffs' emotional distress was not caused by Defendants, and may not be used to infer that on July 31, 2010, Antonio Gallegos acted in accordance with a criminal propensity.

**(B) Plaintiffs' Fourth Motion in Limine (Doc. No. 162)**

Plaintiffs' Fourth Motion in Limine asks the Court to order Defendants to refrain from presenting any testimony or argument to the effect that "police officers place their lives on the line every day." Fourth Motion in Limine at 1. Plaintiffs argue that this evidence should be excluded under Rule 403 because it will confuse the issues and mislead the jury. *Id.* Plaintiffs further contend that the evidence is improper reputation evidence under Rule 608. *Id.* at 2. Finally, Plaintiffs argue that this evidence conflicts with Judge Hansen's (the previous trial judge in this case) stock jury instruction on equal standing, which states that "[t]his case should be considered and decided as an action between persons of equal standing in the community…."

Defendants respond that they do not intend to introduce testimony to this effect. They nonetheless oppose the motion because they believe the Fourth Motion in Limine includes not only evidence or argument to the effect that officers place their lives on the line every day, but also evidence or argument concerning officers' training about how to react when a suspect has a firearm in his possession (Defendants point to deposition testimony in which Plaintiff Antonio

5

Gallegos testified that he told the officers he had a gun in his office and that a gun was later found there). *See* Doc. No. 174 at 2–3.

Because the Court does not interpret Plaintiffs' Fourth Motion in Limine nearly so broadly, and Defendants have conceded they do not intend to offer any evidence or testimony to the effect that "police officers place their lives on the line every day," the Court will grant Plaintiffs' Fourth Motion in Limine.

IT IS ORDERED THAT

    (1)    Plaintiffs' First Motion in Limine (Doc. No. 160) is DENIED; and

    (2)    Plaintiffs' Fourth Motion in Limine (Doc. No. 162) is GRANTED.

*/s/ James A. Parker*
_____
SENIOR UNITED STATES DISTRICT JUDGE