IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS,

    Plaintiff,

v.                                                   Case No. 12-CV-00224 JAP/KBM

**CITY OF ESPANOLA**, a municipal corporation,
**JOE MARTINEZ**, individually and in his official capacity;
**JEREMY APODACA**, individually and in his official capacity;
**ROBERT VIGIL**, individually and in his official capacity;
**CITY OF ESPANOLA OFFICERS and SUPERVISORS**
**JOHN DOES 1 THROUGH 10**, individually and in their official capacities,

    Defendants.

### REPLY IN SUPPORT OF DEFENDANTS' THIRD MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF ANTONIO GALLEGOS

**COME NOW** the Defendants City of Espanola, Joe Martinez, Jeremy Apodaca, Robert Vigil, City of Espanola Officers and Supervisors John Does 1 through 10, by and through their attorneys of record Basham & Basham, P.C. (Mark A. Basham & Joseph L. Romero), and for their Reply in Support of their Third Motion for Summary Judgment Against Plaintiff Antonio Gallegos, state as follows:

### INTRODUCTION

On March 20, 2015, Defendants filed their Third Motion for Summary Judgment Against Plaintiff Antonio Gallegos ("Motion"). [DOC 228] On April 30, 2015, a Response by Plaintiff Antonio Gallegos to Defendants' Third Motion for Summary Judgment Against Plaintiff Antonio Gallegos was filed. [DOC 235] This Response consisted of two (2) pages. Defendants' Motion argued Antonio Gallegos' arrest for Resisting, Evading or Obstructing a Police Officer was supported by probable cause. [DOC 228, pp. 9-11] Plaintiff's Response failed to controvert

1

Defendants' Undisputed Material Facts that he felt there was nothing more to investigate, told the police to leave his premises, ignored police commands and attempted to enter his house where he admitted contained a firearm. *Id*., p. 10]. For his excessive force claim, Plaintiff Gallegos failed to satisfy his burden to show a clearly established right was violated on the date of his arrest or to demonstrate he in fact suffered an actual injury. Finally, Plaintiff Gallegos did not raise a genuine issue of material fact that his state-law claims were time-barred under the provisions of the New Mexico Tort Claims Act. Therefore, summary judgment must be granted against Plaintiff Gallegos' claims.

### **LAW REGARDING FED. R. CIV. P. 56**

Rule 56 states: "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.,* 410 F.Supp.2d 1033, 1040 (D.N.M. 2005) *citing Branson v. Price River Coal Co.,* 853 F.2d 768, 771-72 (10th Cir. 1988). "Nor can a party 'avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.'" *Advanced Optics Elecs. Inc. v. Robins,* 769 F.Supp.2d 1285, 1300 (D.N.M. 2010)(citations omitted).

A dispute over a material fact is "genuine" if a reasonable trier of fact "could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). However, [i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249 (citations omitted).

"Thus, although the Tenth Circuit has repeatedly held that *pro se* litigants must follow the same rules of procedure that govern other litigants … , the *Jaxon* decision requires that a court exercise care to protect the litigant's rights when a *pro se* litigant fails to properly dispute facts before a court on summary judgment."  *White v. City of Albuquerque,* No 12-0988 MV/KBM, *21 (D.N.M. September 29, 2014)(internal citations omitted)(*citing Jaxon v. Circle K. Corp.,* 773 F.2d 1138, 1139-40 (10th Cir. 1985).

## UNLAWFUL ARREST AND SEIZURE

"Probable cause exists 'where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing than an offense has been or is being committed.'"  *Marshall v. Columbia Lea Reg'l Hosp.,* 345 F.3d 1157, 1166 (10th Cir. 2003) *quoting Karr v. Smith,* 774 F.2d 1029, 1031 (10th Cir. 1985).  "Probable cause to arrest exists where, under the totality of the circumstances, a reasonable person would believe that an offense has been committed by the person arrested."  *Morris v. Noe,* 672 F.3d 1185, 1192 (10th Cir. 2012).

On July 31, 2010, Antonio Gallegos was arrested for the following offense:  Resisting, Evading or Obstructing an Officer.  (Plaintiff's Admitted Material Fact No. 27)  Plaintiff's Response failed to controvert those undisputed material facts that Plaintiff told the police there was nothing more to investigate, told the officers to leave his premises, ignored police commands and attempted to enter his house where he admitted contained a firearm. [DOC 228, p. 10]  These material facts are now deemed admitted.  Plaintiff's Response stated:  "… it is not a house it actually is a business office".  [DOC 235, p. 1]  Whether the firearm was located in a house or a business office is immaterial for summary judgment purposes.  The undisputed, material facts show that a firearm was inside the premises.  The Response also stated: "A 22

caliber rifle is sometime kept there for night time security." *Id.*  This statement, too, is immaterial as to whether Plaintiff Gallegos told police officers there was a gun in the house at the time of his arrest.  As a result, summary judgment must be granted in Defendants' favor on Plaintiff's Fourth Amendment Unlawful Arrest and Seizure claim.

## **EXCESSIVE FORCE**

The Defendants are entitled to summary judgment on Plaintiff's excessive force claim based on qualified immunity grounds.

A police officer is entitled to raise qualified immunity as a defense if (1) he was performing a discretionary function and (2) he did not violate a clearly established constitutional or statutory right of which a reasonable person in his position would have known. *Anderson v. Creighton,* 483 U.S. 635, 638-39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionality deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004).  "Qualified immunity shields government officials from liability were 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sisneros,* 685 F.Supp.2d at 1201 (D.N.M. 2010) *citing Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

The question of whether the officers' use of force is objectively reasonable is analyzed in light of the facts and circumstances confronting the officers, without regard to their underlying intent or motivation. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  Factors to consider in evaluating the reasonableness of the amount of force used are (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety

of the officers, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396.

Here, the *Graham* factors all weigh in Defendants' favor.

The first *Graham* factor looks at the severity of the crime that formed the basis of the arrest. Plaintiff Gallegos was arrested for Battery on a Peace Officer. (Plaintiff's Admitted Material Fact No. 27) In his Response, Plaintiff failed to controvert the undisputed, material facts that he shoved Defendant Robert Vigil as he attempted to re-enter his home/business office. (Plaintiff's Admitted Material Fact No. 18; Defendants' Material Facts Nos. 7, 8, 9 & 10). Mere denials by the Plaintiff will not suffice for summary judgment purposes.

The second *Graham* factor delves into whether a plaintiff posed an immediate threat to officers and others. Plaintiff's Response failed to controvert those undisputed material facts that Plaintiff told the police there was nothing more to investigate, told the officers to leave his premises, ignored police commands and attempted to enter his house where he admitted contained a firearm. [DOC 228, p. 10] These material facts are now deemed admitted. By Plaintiff's provocative actions, the individual Defendants could reasonably believe that their own safety as well as the safety of others was threatened.

The third *Graham* factor focuses on whether the plaintiff resisted arrest. In their Third Motion for Summary Judgment Against Plaintiff Antonio Gallegos, Defendants contended that the complained-of dry-stuns occurred after Plaintiff was taken to the ground, that Plaintiff continued to struggle while on the ground, that the dry-stuns were employed after Plaintiff resisted attempts to be hand-cuffed and that Plaintiff ignored verbal commands and continued to be uncooperative throughout the arrest. [DOC 228, pp. 13-14] Plaintiff's Response stated: "… I testified Defendant Vigil approaching [sic] me from behind and cuffed one arm and tried to rub

my face into the stuccoed exterior wall.  I did not resist." [DOC 235, p. 1]  The first sentence is an unsworn statement not in the form of an affidavit.  The second sentence is conclusory.  Under Rule 56, Plaintiff Gallegos cannot respond to a summary judgment motion with mere argument alone.  The force used [namely, the complained-of dry-stuns] was proportionate to the circumstances.

Furthermore, Plaintiff Gallegos' Response has failed to show a violation of a clearly established constitutional right.

"The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established. … Instead, for any court to reach a determination that a violation of clearly established law has taken place a "more particularized" inquiry is required.  The court must ask whether 'every reasonable official would have understood that *what he [did]* violate[d] that right. … To satisfy this standard, '[w]e do not require a case directly on point,' but neither may a district court deny immunity unless 'existing precedent [has] placed the statutory or constitutional question *beyond debate.*'"   *Kerns v. Bader,* 663 F.3d 1173, 1183 (10th Cir. 2011)(internal citations omitted).

The initial burden typically accorded to the moving party is shifted when the motion for summary judgment is based on qualified immunity.  *See, Koch v. City of Del City,* 660 F.3d 1228, 1238 (10th Cir. 2011).  Whenever a moving party asserts qualified immunity at the summary judgment phase, it is the non-moving party that bears the burden of showing that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged unlawful activity.  *Id.; Lundstrom v. Romero,* 616 F.3d 1108, 1118 (10th Cir. 2010) *citing Riggins v. Goodman,* 572 F.3d 1101, 1107 (10th Cir. 2009).  "If, and only if, the plaintiff

meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.  *Koch,* 660 F.3d at 1228 (internal quotations and citations omitted).

The District Court has "the freedom to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'"  *Lundstrom,* 616 F.3d at 1118.

Plaintiff Gallegos had the burden to show a violation of a clearly established right at the time of his arrest.  He did not.  Plaintiff's Response failed to cite any case precedent from the 10th Circuit.  In fact, the Response did not address the subject of clearly established right at all.  Likewise, Plaintiff never refuted Defendants' contention that he ever suffered an actual injury.  [DOC 228, p. 14-15]  Those undisputed, material facts must be deemed admitted as well.  Hence, the Defendants are entitled to qualified immunity on Plaintiff's excessive force claim, and summary judgment must be granted in Defendants' favor.

**TORT CLAIMS ACT**

In their Third Motion for Summary Judgment Against Plaintiff Antonio Gallegos, Defendants argued that Plaintiff did not comply with NMSA 1978 § 41-4-16 of the New Mexico Tort Claims Act.  Defendants proffered the following undisputed, material facts:  the complained-of incident took place on July 31, 2010 (Defendants' Material Fact No. 18); the ninety (90) day time period to serve a Notice of Tort Claims Act expired on October 29, 2010 (Defendants' Material Fact No. 22); and, Plaintiff's Notice of Tort Claims Act was served on November 8, 2010 (Defendants' Material Fact No. 21).  In his Response, Plaintiff Antonio Gallegos failed to controvert any of these undisputed, material facts.  The material facts have

been deemed admitted. Instead, the Response merely stated: "In Exhibit 6 Chief Martinez does not know who wrote a supplemental report and reading this report one sees the Department is run poorly." [DOC 235, p. 1] This statement is both conclusory and argumentative. Nothing in this statement raised a genuine issue of a material fact as to whether the Defendants were on actual notice of a claim within the requisite statutory period. Dismissal with prejudice of all of Plaintiff's state law claims is appropriate.

**WHEREFORE**, the Defendants City of Espanola, Joe Martinez, Jeremy Apodaca, Robert Vigil, City of Espanola Officers and Supervisors John Does 1 through 10 respectfully request that the Court grant Summary Judgment in their favor and against Plaintiff Antonio Gallegos, and for such other and further relief as the Court deems just.

Respectfully submitted by:

Basham & Basham, P.C.

*/s/ Mark A. Basham*
Mark A. Basham
Joseph L. Romero
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575
Fax: 505-992-6170
mbasham@bbpcnm.com
jromero@bbpcnm.com
*Attorneys for City Defendants*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 14th day of May, 2015, I filed the foregoing Defendants' Reply in Support of Third Motion for Summary Judgment against Defendant Antonio Gallegos which caused counsel of record/party(ies) to be served by electronic means or by US Mail, as more fully reflected on the Notice of Electronic Filing:

Antonio B. Gallegos - #302813
Santa Fe County ADF
28 Camino Justicia
Santa Fe, NM  87508
Plaintiff *pro se*

Antonio B. Gallegos, #302813
c/o Santa Fe County Detention Facility
4312 State Hwy 14
Santa Fe, NM 87508
Plaintiff *pro se*

Antonio Gallegos
2111 Calle Ensenada
Santa Fe, NM  87505
Plaintiff *pro se*

                          */s/ Mark A. Basham*
                          Mark A. Basham