IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS and KRISTIAN PETTINE,

    Plaintiffs,

v.                                                       Case No. 12-CV-00224 JP/KBM

CITY OF ESPANOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS
JOHN DOES 1 THROUGH 10, individually and in their official
capacities,

    Defendants.

## MOTION TO DISMISS WITH PREJUDICE PLAINTIFF KRISTIAN PETTINE'S CLAIMS AGAINST DEFENDANTS CITY OF ESPANOLA AND CITY OF ESPANOLA OFFICERS AND SUPERVISORS JOHN DOES 1 THROUGH 10

**COME NOW** the Defendants City of Espanola, City of Espanola Officers and Supervisors John Does 1 through 10, (hereinafter "City Defendants") by and through their attorneys of record Basham & Basham, P.C., pursuant to Fed.R.Civ.P. 41(a)(1)(ii), move for an order dismissing with prejudice all of Plaintiff Kristian Pettine's claims against Defendants City of Espanola and City of Espanola Officers and Supervisors John Does 1 through 10. As grounds in support of this motion, please see the attached Settlement Agreement entered into Plaintiff Kristian Pettine and these City Defendants, dismissing with prejudice all claims that were asserted or could have asserted against these City Defendants.

Respectfully Submitted,

*/s/ Mark A. Basham*
Mark A. Basham
Basham & Basham, P.C.
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
505-988-4575 – telephone
505-992-6170 - facsimile
mbasham@bbpcnm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of June 2015, I filed the Motion to Dismiss With Prejudice Plaintiff Kristian Pettine's Claims Against Defendants City of Espanola and City of Espanola Officers and Supervisors John Does 1 Through 10 which caused counsel of record to be served by electronic means or by US Mail, as more fully reflected on the Notice of Electronic Filing:

Kristian Pettine
3504 Anderson Ave., S.E.
Albuquerque, NM 87106
Plaintiff *pro se*

*/s/ Mark A. Basham*
Mark A. Basham

IN THE UNITED STATES DISTRICT COURT 
FOR THE DISTRICT OF NEW MEXICO

ANTONIO GALLEGOS and KRISTIAN PETTINE,

    Plaintiffs,

v.                                         Case No. 12-CV-00224 JP/KBM

CITY OF ESPANOLA, a municipal corporation,
JOE MARTINEZ, individually and in his official capacity;
JEREMY APODACA, individually and in his official capacity;
ROBERT VIGIL, individually and in his official capacity;
CITY OF ESPANOLA OFFICERS and SUPERVISORS
JOHN DOES 1 THROUGH 10, individually and in their official
capacities,

    Defendants.

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT made and entered into by and between Kristian Pettine (hereinafter referred to as "Plaintiff") and City of Espanola (hereinafter referred to as "Defendant") on this 1st day of April ~~March~~ 2015.

1.     Plaintiff and Defendant desire to settle and discharge all claims asserted, and that could have been asserted, in the above captioned lawsuit.

2.     In consideration of Plaintiff releasing all claims against Defendant, Defendant agrees to pay a total amount of FIVE THOUSAND DOLLARS ($5,000.00) to Plaintiff. In return, Plaintiff her agents, attorneys, heirs, successors, assigns, personal representatives, and any persons or parties subrogated to her rights and any persons or parties having any rights of representation through her hereby agree to unconditionally release and discharge Defendant and its employees, officials, agents, insures, successors and assigns from any and all claims including

but not limited to punitive or exemplary damages, for interest, costs, and attorney's fees; for lost wages, for claims of any type which could have been made under state or federal statute; for any claims which could be made pursuant to any theory of the common law; and for any other claims of whatsoever that Plaintiff had or could have had, resulting from, arising out of, or in any way related to the above captioned lawsuit.

3. In further consideration and inducement for this compromise settlement, Plaintiff agrees to indemnify, defend and hold Defendant harmless from any and all past, present and future claims, liens, demands, causes of action, in law or in equity, whether known or unknown, which may hereafter be made or brought by Plaintiff or any other person or entity, claiming damages, reimbursement, subrogation, indemnity, or contribution which might be filed or claimed as a result of, or in any way arising out directly or indirectly from the events that form the basis for the above captioned lawsuit. It is the intent of Plaintiff that this indemnity agreement shall include indemnification to Defendant for any and all judgments, awards, settlements, costs, attorney's fees or expenses, of whatever nature, it being the intent of Plaintiff to completely and fully terminate any exposure or liability on behalf of Defendant.

4. All sums set forth in Paragraph 2 of this Agreement constitute damages on account of personal injuries, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. The sums designated in Paragraph 2 above includes, but is not limited to, payment for all alleged injuries, damages, compensation and payment of for all past and future medical care and pain and suffering and all other costs, and other expenses and attorney's fees of every kind and nature related to or arising from the incidents and events more particularly described in Paragraph 2 above, and which sum is hereby

paid on behalf of Defendant in exchange for which Plaintiff fully releases and discharges Defendant as set for in Paragraph 2 of this Settlement Agreement.

5. This Settlement Agreement is not to, and shall not, be construed to be an admission of fault or wrongdoing on the part of Defendant, but rather is in compromise of disputed claims.

6. Plaintiff acknowledges that Defendant and its attorneys have made no promises or representations other than those recited in this Settlement Agreement to induce Plaintiff entering into this Settlement Agreement.

7. This Settlement Agreement contains the entire agreement between the parties herein and their agents and representatives and it is agreed that the terms of this Agreement are contractual and not a mere recital.

8. This Settlement Agreement shall become effective upon execution of the parties herein.

IN WITNESS WHEREOF the parties have executed this Settlement Agreement as of the date first written above.



Kristian Pettine

State of New Mexico )
              ) ss.
County of Santa Fe )

     The foregoing instrument was acknowledged before me this 1st day of April, 2015, by Kristian Pettine.

                                             Notary Public

My commission expires: 2/23/2016

Defendant City of Espanola:


_____

State of New Mexico )
                    ) ss.
County of Santa Fe )

The foregoing instrument was acknowledged before me this 1st day of April, 2015
_____.

*Dorothy Well* (signature)
Notary Public

My commission expires:

2/22/2016